[Cite as *State v. Moore*, 2021-Ohio-765.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-19-039

     Appellee                               Trial Court No. 2018-CR-103

v.

Jeffrey Moore                              **DECISION AND JUDGMENT**

     Appellant                              Decided:  March 12, 2021

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Matthew A. Craig, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, Jeffrey Moore, appeals the judgment of the Erie County Court of Common Pleas, sentencing him to 17 years in prison after a jury found him guilty of six counts of having a weapon while under a disability and possession of cocaine.

## A. Facts and Procedural Background

{¶ 2} On April 11, 2018, appellant was indicted on six counts of having weapons while under disability in violation of R.C. 2923.13(A)(2) and (B), felonies of the third degree, one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(d), a felony of the second degree, one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(e), a felony of the second degree, and one count of possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(b), a felony of the fourth degree. These charges stemmed from a search warrant previously executed at appellant's residence, resulting in the recovery of narcotics and firearms. On April 26, 2018, appellant appeared before the trial court for arraignment, at which time he entered a plea of not guilty to the aforementioned charges, and the matter proceeded through pretrial discovery and motion practice.

{¶ 3} Following motion practice, the matter proceeded to a four-day jury trial on May 28, 2019. On the second day of the trial, prior to the presentation of its case-in-chief, the state filed a motion to amend the indictment to include references to appellant's prior felony convictions for felonious assault and several drug offenses. A hearing on the motion was held at the beginning of the second day of trial.

{¶ 4} Citing untimely disclosure of the motion, appellant's trial counsel objected to the amendment of the indictment. Further, appellant's trial counsel raised the issue of potential prejudice to appellant that would occur were the state permitted to introduce evidence of appellant's prior convictions at trial. In light of the potential prejudice,

2.

appellant's counsel offered to stipulate to the fact that appellant was under a disability at the time of the offenses. However, counsel acknowledged that the evidence of appellant's prior convictions would be admissible if appellant were to take the stand.

{¶ 5} The state rejected counsel's offer to stipulate to the convictions, and argued that it should be permitted to introduce evidence of the prior convictions at trial because such evidence was relevant to the disability element under the six counts of having weapons while under disability contained in the indictment.

{¶ 6} Upon consideration of the parties' arguments, the trial court withheld a final ruling on the matter while it awaited a decision from appellant as to whether he would testify. The court alerted the parties that, in the event the evidence of the prior convictions was introduced, it would "instruct [the jury] they are not allowed to consider [the evidence of appellant's prior convictions] for propensity, only strictly as an element of the offense." Further, the court instructed the parties not to introduce any testimony as to the underlying facts of the prior convictions. Specifically, the trial court stated: "I don't want to be talking about these offenses as to what happened. It's strictly – it's a conviction and this conviction applies to this defendant, that should be the limited testimony in regards to those." The court then deferred ruling on the state's motion to amend the indictment until it heard evidence from the state's witnesses and ascertained whether appellant would testify.

{¶ 7} Thereafter, the matter proceeded to the state's case-in-chief, during which the state called Perkins Township Police Department detective, Joseph Rotuno, as its sole

3.

witness. Rotuno testified that he obtained a search warrant for appellant's Erie County residence on December 12, 2017, and executed said warrant on that same day along with deputies from the Erie County Sheriff's Office.

{¶ 8} As he and the other officers were preparing to make entry into appellant's residence, Rotuno observed appellant exiting the back of his property and moving toward his neighbor's property. Thereafter, appellant was detained and placed inside the residence to observe the officers as they executed the search warrant.

{¶ 9} During his testimony, Rotuno described appellant's residence as "kind of a smaller domicile," and indicated that appellant was the sole occupant of the residence. Rotuno went on to testify that the residence "was a very small home, basically a single-story home, very small." Rotuno explained that the residence "has a small portion up front, like kind of like a little living area. In the center it's kind of like a kitchen or a kitchen table type living room and a back room. You can almost touch each other from the front of the house to the back of the house."

{¶ 10} Upon entering the residence, Rotuno began to photograph the scene. The photographs taken by Rotuno, which were entered into evidence as exhibits at trial, include images of apparently illicit substances, marijuana, prescription medication prescribed to someone other than appellant, a ledger tracking the inflow of money and the weight of narcotics leaving the residence, a digital scale, and $7,936 in cash (both genuine and counterfeit) that was concealed underneath dresser drawers, in the pocket of a pair of pants, and hidden inside a sock. According to Rotuno, the foregoing items

4.

recovered from appellant's residence were "indicative of the trafficking in narcotics through my training for sure." The apparently illicit substances and prescription pills were retrieved from the residence and sent to the Bureau of Criminal Investigations for laboratory testing. The testing confirmed the presence of cocaine, heroin, and oxycodone within the substances recovered from appellant's residence.

{¶ 11} In addition to the foregoing items, Rotuno discovered and photographed three firearms, which were then recovered from the residence. Appellant stipulated to the operability of all three firearms. According to Rotuno, one of the firearms was found in the back of the residence in a "little storage room or laundry room style room, mudroom right off the back of the residence." A second firearm was also discovered in the mudroom, stowed inside a Crown Royal bag. Finally, the third firearm was recovered from the pocket of a coat that was found inside a closet. Rotuno then authenticated the judgment entries from appellant's previous felony cases, identifying the particular offenses contained therein. The entries were eventually entered into evidence without objection from appellant's defense counsel.

{¶ 12} During a recess taken by the court amid Rotuno's testimony, appellant's defense counsel revisited his objection to the state's motion to amend its indictment. At this point, counsel indicated to the court that he expected appellant to take the stand. Consequently, counsel asserted that appellant's prior convictions, "although for different purposes, would be admissible, and I feel that the issue is moot, and my objection to the State's motion to amend is being withdrawn." Thereafter, the trial court noted defense

5.

counsel's withdrawal of the objection, and stated that "the indictment will be amended according to the motion to amend."

{¶ 13} At the conclusion of Rotuno's testimony, the state rested. Appellant's counsel moved the court for acquittal under Crim.R. 29, providing no specific argument in support of the motion. After considering the state's response, the trial court denied the Crim.R. 29 motion. The matter then proceeded to appellant's case-in-chief, during which appellant called two witnesses and elected not to testify.

{¶ 14} As his first witness, appellant called his neighbor, James Seibold. Seibold explained that he was detained by police and held in appellant's dining room during the execution of the search warrant on appellant's residence. As he observed the execution of the search warrant, Seibold found that it appeared as though "everything was predone, you know, like they knew what they were doing ahead of time."

{¶ 15} As his second and final witness, appellant called his sister, Ernestine Grove, to the stand. Grove visited appellant on December 12, after the police finished their search of appellant's residence. Upon arrival, Grove observed that the residence was in a disheveled condition. Grove stated that she was "shocked because everything was turned up, pulled down, turned over. It was a mess." Grover was then informed that appellant had been apprehended by police and was being held at the Erie County Jail. Grove decided to visit appellant at the jail, and subsequently accompanied appellant at his initial appearance in the present case.

{¶ 16} Following Grove's testimony, appellant rested. Thereafter, the state recalled Rotuno as a rebuttal witness. Rotuno testified that appellant was not initially charged with the drug offenses contained in the indictment, because the state filed the initial charges prior to receiving the laboratory analysis results confirming the presence and quantity of illicit substances in the items recovered from appellant's residence by police during the execution of the search warrant.

{¶ 17} At the conclusion of Rotuno's testimony, the matter proceeded to closing arguments and jury instructions. During its closing argument, the state referenced appellant's prior felony convictions in support of the charges of having weapons while under disability, as follows:

We know, based upon the evidence that was presented, that the defendant has been previously found guilty of a number of criminal offenses. Those offenses included felonious assault back in 1986. He also had a felony level of domestic violence and then he had four drug related offenses. And I'm not going to make you listen to me tell you each and every detail of those prior convictions, but based upon the evidence relative to those weapons, which we heard Detective Rotuno say in a conversation he had with the defendant, the defendant said I bought those. They're not stolen. Recognizing that the disability he has, those prior convictions, I'm asking that you conclude that the defendant was unlawfully in possession of each of those three weapons.

7.

You'll be asked to determine his guilt or innocence on six counts of the indictment based upon the possession of those weapons. I believe the evidence showed that three of those counts relate to his possession that are related to his prior offenses of violence, the felonious assault and the domestic violence. The other three counts relate to his unlawful possession of those same three guns based upon the prior offenses that are felony level drug related offenses.

{¶ 18} The state returned to the issue of appellant's prior convictions later in its closing argument. Earlier in the trial, Rotuno testified that Seibold refused to cooperate with the investigation because he was afraid of appellant. However, Seibold denied any such fear of appellant during his testimony. In its closing argument, the state addressed this discrepancy in the testimony:

We did hear Mr. Seibold say, I never said I was afraid of Jeffrey Moore. Jeffrey Moore is sitting over there looking at him as he testifies. Jeffrey Moore, as Mr. Kishman says, is he's got a litany of criminal history activity. The charges brought against him say you're not allowed to have a gun because you have a prior conviction of felonious assault and you have a prior conviction for domestic violence and enhanced – with an enhancement.

{¶ 19} Appellant's defense counsel promptly interjected with an objection, and the trial court ordered counsel to approach. Appellant's counsel argued that the state was

8.

making an improper propensity argument by referencing appellant's prior convictions. On the contrary, the state insisted that it was merely addressing an issue that was raised by appellant in his examination of Seibold, namely whether Seibold was truly afraid of appellant to such an extent that he refused to cooperate with Rotuno's investigation. Following a colloquy with counsel as to the propriety of the state's comments regarding appellant's prior convictions, the trial court overruled appellant's objection and found that appellant opened the door to the state's comments by eliciting testimony from Seibold on the issue of whether Seibold was afraid of appellant. The court then cautioned the state not to extend its argument beyond a challenge to the veracity of Seibold's testimony that he was not afraid of appellant. The state assured the court that it had no further comment on appellant's prior convictions, and did not return to the issue during the remainder of its closing argument.

{¶ 20} For his part, appellant's defense counsel referenced the prior offenses during his closing argument. Defense counsel suggested that the state "focused, at length in this case, about the fact that Jeffrey Moore has numerous prior convictions." He went on to suggest that "the reason that [the state] did that is they want you to perceive my client as a bad guy. And, like I said, he's got his issues. He's done bad things in the past, but that does not mean that he is not entitled to the same legal protections and the same considerations as anyone else." Later in his closing argument, defense counsel returned to the issue of appellant's prior convictions, and stated: "Now, lastly, the issue of guns. Again, you've heard a lot about my client's involvement with the Court system. He's

9.

committed crimes in the past. He's got a record, but what you did not hear was that my client ever had a trial before. When Mr. Moore does something wrong, he takes responsibility for it."

{¶ 21} Following closing arguments, the trial court instructed the jury, and included an instruction regarding appellant's prior convictions. Specifically, the court instructed the jury that appellant was convicted of felonious assault, domestic violence, three counts of trafficking in cocaine, possession of crack cocaine, possession of cocaine, preparation of marijuana for sale, and possession of drugs. The court explained that "[t]he evidence was received because a prior conviction is an element of the offense of Having Weapons While Under a Disability. It is not received, and you may not consider it, to prove the character of the defendant in order to show that he acted in conformity or in accordance with that character."

{¶ 22} Eventually, the jury retired to deliberate. Ultimately, the jury found appellant guilty of six counts of having weapons while under disability and possession of cocaine, but not guilty of trafficking in cocaine or possession of heroin. Thereafter, the matter was continued for sentencing.

{¶ 23} At sentencing, the trial court ordered appellant to serve 36 months in prison on each count of having weapons while under disability, and merged Count 2 with Count 1, Count 4 with Count 3, and Count 6 with Count 5. The merger of these offenses was the product of the court's recognition that the same firearm was the subject of Counts 1 and 2 (a Taurus .25 caliber firearm), Counts 3 and 4 (a Hi-Point .40 caliber

10.

firearm), and Counts 6 and 6 (a Johnson Arms .22 caliber firearm). Appellant's defense counsel insisted that all of the convictions for having weapons while under disability should merge because all of the firearms "were found within one location, that being Mr. Moore's home." The trial court rejected this argument, and proceeded to order appellant to serve eight years in prison for possession of cocaine. The court then ordered the individual sentences to be served consecutive to one another, for a total of 17 years in prison, eight of which are mandatory. Appellant's timely appeal followed.

## B. Assignments of Error

{¶ 24} On appeal, appellant assigns the following errors for our review:

I. The trial court erred when it permitted the state to introduce defendant/appellant's full criminal record solely to prove defendant/appellant's legal disability to possess firearms when defendant/appellant had offered to stipulate to the disability.

II. The trial court erred by not merging all of the weapons under disability charges for the purpose of sentencing.

## II. Analysis

### A. Reference of Prior Convictions at Trial

{¶ 25} In his first assignment of error, appellant argues that the trial court erred in allowing the state to introduce evidence of, and comment upon, his prior felony convictions despite his willingness to stipulate to his firearm disability at trial.

11.

{¶ 26} A trial court is vested with broad discretion to determine the admissibility of evidence, as long as that discretion is exercised in accordance with the rules of procedure and evidence. *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). Thus, we will not disturb the trial court's decision to admit or exclude evidence absent an abuse of discretion. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.*, 63 Ohio St.3d 498, 506, 589 N.E.2d 24 (1992).

{¶ 27} Here, appellant contends that the trial court should have excluded evidence of his prior convictions, which the state used to establish his firearm disability, because he offered to stipulate to said disability at the outset of the trial. In light of his proposed stipulation, appellant contends that the evidence of his prior convictions were unfairly prejudicial and inadmissible under Evid.R. 403(A).

{¶ 28} In support of his argument, appellant cites the Ohio Supreme Court's decision in *State v. Creech*, 150 Ohio St.3d 540, 2016-Ohio-8440, 84 N.E.3d 981. In that case, the Ohio Supreme Court adopted the reasoning of the United States Supreme Court in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), and determined that a trial court abuses its discretion under Evid.R. 403(A) when it does not allow a defendant to stipulate to his prior convictions for the purposes of establishing the status element of the offense of having weapons while under disability, and instead permits the state to introduce the full record of the defendant's prior offenses. *Id.* at ¶ 1. Moreover, the court held that the state may not reject the defendant's stipulation in favor

12.

of presenting evidence "establishing the name and nature" of a defendant's prior convictions. *Id*. at ¶ 36. The court determined that such evidence could be unfairly prejudicial where it "arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish[.]" *Id*., citing *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172, 743 N.E.2d 890 (2001).

{¶ 29} Like appellant, the defendant in *Creech* offered to stipulate to his firearm disabilities on the morning of trial. *Id*. at ¶ 8. However, the trial court refused to allow the proposed stipulation after concluding that the state was not required to prove its case by accepting the stipulation. *Id*. at ¶ 9. Thereafter, the state addressed the defendant's prior convictions for felonious assault and domestic violence, as well as his pending indictment for aggravated drug trafficking, in its opening and closing statements, during trial testimony, and in exhibits published to the jury. *Id*. at ¶ 10. The state elicited testimony from a detective, who provided details of the defendant's prior convictions, and introduced judgment entries that set forth some of the facts underlying the convictions, including that the defendant had shot at his victim. *Id*. The Ohio Supreme Court reviewed this evidence, and determined that it "'would be arresting enough to lure a juror into a sequence of bad character reasoning,' especially since it involved another offense with a gun." *Id*. at ¶ 36, quoting *Old Chief* at 185. Further, the court summarily concluded that the error in admitting the evidence of the defendant's prior convictions was not harmless.

13.

{¶ 30} Relying upon the Ohio Supreme Court's decision in *Creech*, appellant argues that the trial court abused its discretion when it permitted the state to introduce evidence of his prior felony convictions at trial despite his offer to stipulate to his disability. According to appellant, the admission of his prior convictions was particularly prejudicial in light of the similarity between the prior convictions and the drug offenses with which he was charged in this case. Appellant reasons that this prejudice outweighed any probative value attributable to the evidence of the prior convictions in light of his offer to stipulate to the firearm disability. Moreover, appellant asserts that the error was not harmless with respect to the charge of possession of cocaine.[1]

{¶ 31} In response, the state argues that the Ohio Supreme Court's decision in *Creech* is distinguishable from this case. Specifically, the state contends that the prosecution in *Creech* presented detailed information about the circumstances surrounding the defendant's prior convictions and his pending indictment. By contrast, the state asserts that the evidence of appellant's prior felony convictions was limited to the judgment entries identifying the offenses for which appellant was previously convicted, and Rotuno's reading of the same without elaboration as to the facts underlying those convictions. As such, the state urges that "there was little difference in terms of the impact on the jury between the information that would have been contained

---

[1] Appellant concedes that the introduction of evidence of his prior felony convictions was harmless with respect to his convictions for having weapons while under disability, as he acknowledges that "there is no reasonable dispute in the case sub judice that Defendant/Appellant had firearms."

in a stipulation, and the minimal facts of Appellant's prior convictions presented to the jury." The state therefore argues that the trial court's admission of the evidence of appellant's prior felony convictions was not an abuse of discretion, and alternatively suggests that any error in the admission of such evidence was harmless in light of the limited nature of the evidence presented.

{¶ 32} In its decision in *Creech*, the Ohio Supreme Court broadly pronounced that a trial court abuses its discretion when it allows the state to introduce evidence of a defendant's prior felony convictions at trial in order to establish the status element of a charge of having weapons while under disability, where the defendant offers to stipulate to the status element prior to the presentation of evidence. *Creech* at ¶ 1. In this case, appellant offered to stipulate to the status element, thus rendering the probative value of the evidence of his prior convictions minimal. Under the holding in *Creech*, the trial court should not have permitted the state to refuse appellant's stipulation in favor of introducing evidence of appellant's prior convictions. The minimal probative value of the evidence of appellant's prior convictions was substantially outweighed by the danger of unfair prejudice to appellant. Consequently, the exclusion of the evidence was mandatory under Evid.R. 403(A), and the trial court abused its discretion in admitting it at trial.

{¶ 33} Nonetheless, the state argues that the admission of the evidence of appellant's prior convictions had no impact on the outcome of the proceedings and was therefore harmless. Our determination that the trial court abused its discretion in

admitting evidence of appellant's prior convictions does not automatically result in a remand for a new trial; if the error is deemed to be harmless, the result of the trial may stand.

{¶ 34} As to the applicability of harmless error analysis to cases involving the improper admission of evidence of a defendant's prior convictions, the United States Supreme Court in *Old Chief* concluded that the trial court abused its discretion in admitting evidence of a defendant's prior conviction for an offense that was "likely to support conviction on some improper ground," and then remanded the matter to the United States Court of Appeals for the Ninth Circuit for further proceedings. *Id.* at 191, 117 S.Ct. 644. In so doing, the court "impl[ied] no opinion on the possibility of harmless error, an issue not passed upon below." *Id.* at 192, fn. 11. Thereafter, the Ninth Circuit issued an order reversing the trial court's judgment, and remanding the matter to the trial court "for further proceedings in light of the Supreme Court's opinion in [*Old Chief*]. The district court may consider whether any error found by the Supreme Court was harmless." *U.S. v. Old Chief*, 121 F.3d 448, 448 (9th Cir.1997).

{¶ 35} Like the Ninth Circuit, the Sixth Circuit has held that "[e]rror under *Old Chief* is subject to harmless error analysis." *U.S. v. Colon*, 278 Fed.Appx. 588, 593 (6th Cir.2008), citing *U.S. v. Daniel*, 134 F.3d 1259, 1262-63 (6th Cir.1998). Further, the Ohio Supreme Court applied, albeit summarily, harmless error analysis in its decision in *Creech*. While the Ohio Supreme Court did not elaborate on the issue of harmless error in its decision, the Seventh District did engage in a harmless error analysis in its decision

16.

in *State v. Creech*, 2014-Ohio-4004, 18 N.E.3d 523 (7th Dist.). There, the Seventh District focused on the conflicting evidence regarding whether the defendant was in possession of a firearm. One witness testified that the defendant did have a firearm, but another witness refuted this testimony. Given the conflicting evidence as to the possession element of the charge of having a weapon while under a disability, the Seventh District concluded that the erroneous admission of defendant's prior convictions was not harmless.

{¶ 36} This court has also applied harmless error in cases involving the erroneous admission of evidence of prior convictions. *See State v. Johnson*, 6th Dist. Huron No. H-92-20, 1993 WL 49800, *2 (Feb. 26, 1993) (finding that evidence of prior convictions was inadmissible, but stating: "However, this court must next determine whether the erroneous admission of Johnson's prior convictions constituted harmless error.").

{¶ 37} Crim.R. 52(B) summarizes the harmless error doctrine in the context of criminal cases as follows: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "During a harmless-error inquiry, the state has the burden of proving that the error did not affect the substantial rights of the defendant." *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 23, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15. The term "substantial rights" has been interpreted to require that "'the error must have been prejudicial.'" *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508

17.

(1993). If we determine that the trial court's erroneous admission of the evidence of appellant's prior convictions did not affect appellant's substantial rights, then the error will be deemed harmless and "'shall be discarded.'" *Id*., quoting Crim.R. 52(A).

{¶ 38} In determining whether a defendant was prejudiced by the erroneous admission of evidence, we focus on "both the impact that the offending evidence had on the verdict and the strength of the remaining evidence. Both the error's impact on the verdict and the weight of the remaining evidence must be considered on appellate review." *Morris* at ¶ 25. To conduct this analysis, we "excise the improper evidence from the record and then look to the remaining evidence." *Id*. at ¶ 29. In *State v. Rahman*, 23 Ohio St.3d 146, 492 N.E.2d 401 (1986), the Ohio Supreme Court cautioned that "'the cases where imposition of harmless error is appropriate must involve either overwhelming evidence of guilt or some other indicia that the error did not contribute to the conviction.'" *Id*. at ¶ 151, quoting *State v. Ferguson*, 5 Ohio St.3d 160, 166, 450 N.E.2d 265 (1983), fn. 5.

{¶ 39} Appellant concedes that the introduction of evidence of his prior felony convictions was harmless with respect to his convictions for having weapons while under disability, as he acknowledges that "there is no reasonable dispute in the case sub judice that Defendant/Appellant had firearms." However, appellant contends that the admission of evidence of his prior convictions was not harmless as to his conviction for possession of cocaine.

18.

**{¶ 40}** When we consider the strength of the state's case after excluding the evidence of appellant's prior convictions, we find that there is overwhelming evidence of guilt as to the charge of possession of cocaine. Specifically, Rotuno testified that he recovered illicit substances from appellant's residence during the execution of the search warrant on December 12, 2017. The substances were tested by the Bureau of Criminal Investigations and confirmed to include cocaine. Appellant did not introduce evidence to refute the presence of cocaine in his residence. Moreover, the evidence introduced at trial confirms that appellant is the sole occupant of his residence, thus confirming that the cocaine retrieved therein belonged to appellant. This evidence clearly establishes that appellant was in possession of cocaine on December 12, 2017, as alleged in the indictment.

**{¶ 41}** Unlike in *Creech*, the evidence in this case does not conflict on a material element of the offense for which appellant was convicted. Given the overwhelming evidence of appellant's possession of cocaine in this case and the limited extent to which the state referenced appellant's prior convictions, we find that the trial court's erroneous admission of appellant's prior convictions was harmless beyond a reasonable doubt.

**{¶ 42}** Accordingly, appellant's first assignment of error is not well-taken.

### B. Merger of Having Weapons While Under Disability Counts

**{¶ 43}** In appellant's second assignment of error, he argues that the trial court erred in failing to merge all of the counts of having weapons while under disability.

19.

{¶ 44} Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo. *State v. Roberson*, 2018-Ohio-1955, 113 N.E.3d 204, ¶ 12 (6th Dist.).

{¶ 45} Ohio's multiple-count statute, R.C. 2941.25, provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 46} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court set forth the following three-part test to determine whether a defendant can be convicted of multiple offenses:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus

or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

{¶ 47} Here, appellant was convicted of having weapons while under disability in violation of R.C. 2923.13(A)(2), which provides:

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶ 48} Here, appellant contends that all six counts of having weapons while under disability should have merged, since his possession of the three firearms recovered from his residence was simultaneous and the state failed to elicit evidence as to whether the firearms were acquired at different times. In support, appellant cites, among other cases, our decision in *State v. Smith*, 6th Dist. Lucas No. L-15-1297, 2016-Ohio-7632, wherein we analogized other appellate courts' merger analysis pertaining to having weapons while under disability to the issue before us, which dealt with multiple counts of forgery.

21.

**{¶ 49}** In *Smith*, we approvingly referenced the Fourth District's reasoning in *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000 WL 1678020 (Nov. 6, 2000), where the defendant was convicted of eight different counts of having weapons while under disability for eight different weapons, but seven of those weapons were found in the same place. Construing R.C. 2923.13, the court concluded that "the statutory language does not evince an intent to make each weapon the relevant unit of prosecution rather than the transaction of having the weapons." *Id*. at *13. The court then concluded that "a defendant's simultaneous possession of several weapons in one location at one time is a continuous, indivisible act. * * * Thus, the simultaneous, undifferentiated possession of weapons by a person under a disability constitutes only one offense and not separate offenses for each weapon." *Id. See also State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 34 (2d Dist.) ("[W]e likewise find that a defendant can commit one offense of having weapons while under disability by the possession of multiple weapons.").

**{¶ 50}** Applying the foregoing to the case at bar, we find that the trial court should have merged all six counts of having weapons while under disability. All of the counts at issue in this assignment of error are identical in terms of their elements and factual predicate, and thus the offenses cannot be described as dissimilar in import or significance. Further, all three firearms at issue in this case were recovered from the same location (i.e., appellant's residence) during the execution of the search warrant. The state introduced no evidence to establish that these firearms were purchased or otherwise acquired on separate occasions, and therefore there is no evidence that the

22.

offenses were committed separately. Moreover, there is no evidence that appellant had a separate animus or motivation underpinning his possession of each of the firearms.

{¶ 51} After applying the merger analysis set forth in the Ohio Supreme Court's decision in *Ruff*, and in harmony with our sister courts' holdings in *Pitts* and *King*, we conclude that appellant committed only one offense of having weapons while under disability when he simultaneously possessed the three firearms at issue in one location at one time. Therefore, the trial court erred in failing to merge all six counts at sentencing.

{¶ 52} Accordingly, we find appellant's second assignment of error well-taken.

### III. Conclusion

{¶ 53} In light of the foregoing, the judgment of the Erie County Court of Common Pleas is reversed, and this matter is remanded to the trial court for resentencing consistent with our determination that all six counts of having weapons while under disability must be merged as allied offenses of similar import, at which time the state may elect which of the six counts to proceed upon. The costs of this appeal are assessed to the state under App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

23.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.