[Cite as *State v. Moore*, 2022-Ohio-3504.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.  E-21-041

      Appellee                                      Trial Court No.  2018CR0103

v.

Jeffrey E. Moore                                      **DECISION AND JUDGMENT**

      Appellant                                     Decided:  September 30, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Jeffrey Moore, appeals the April 21, 2021 judgment of

the Erie County Court of Common Pleas which, following remand from this court,

resentenced him to a total of 11 years of imprisonment.  Because we find that on remand

the court failed to conduct a limited, de novo sentencing hearing, we reverse.

## I. History and Relevant Facts

{¶ 2} A detailed factual and case history is found in *State v. Moore*, 2021-Ohio-765, 168 N.E.3d 921 (6th Dist.). On April 11, 2018, appellant was indicted on six counts of having weapons while under disability, all third-degree felonies, possession of and trafficking of cocaine, second-degree felonies, and possession of heroin, a fourth-degree felony. The matter proceeded to a jury trial and appellant was found guilty of all counts of having weapons while under disability and possession of cocaine; appellant was acquitted of trafficking in cocaine and possession of heroin.

{¶ 3} On June 17, 2019, appellant was sentenced to 36 months in prison on each count of having weapons while under disability, Count 2 merged with Count 1, Count 4 merged with Count 3, and Count 6 merged with Count 5. The court sentenced appellant to eight years of imprisonment for possession of cocaine. The merged Counts, 1, 3, and 5, and Count 7 were all ordered to be served consecutively for a total of 17 years of imprisonment.

{¶ 4} At the sentencing hearing, appellant's counsel and family and friends made statements on his behalf; appellant also spoke and denied any wrongdoing. The court indicated that it had considered the principles and purposes of sentencing, the seriousness and recidivism factors and the relevant sentencing statutes, explained appellant's appeal rights, informed him of postrelease control terms and responsibilities, state and federal gun restrictions, and fines and costs.

2.

**{¶ 5}** Imposing a consecutive sentence, the court found:

And this Court finds that under 2929.14(C)(4) consecutive sentences are necessary to protect the public from future crimes and punish you for your behavior. They're not disproportionate to the conduct in which you are – your conduct, the seriousness and the danger to society that you pose.

Also, the Court finds you have a history of criminal convictions and conduct that demonstrates consecutive sentences are necessary to protect you from this Court – or this community from future crimes by you, so this Court imposes those.

**{¶ 6}** Its June 18, 2019 sentencing judgment entry reflected that the court made the necessary statutory findings.

**{¶ 7}** On appeal, we found that the trial court erred in failing to merge all six of the weapons under disability charges at sentencing. *Moore*, 2021-Ohio-765, 168 N.E.3d 921, at ¶ 51. Our holding was based on our determination that the state failed to prove that the weapons were either possessed separately or acquired at different times. *Id.* at ¶ 50. We reversed appellant's sentence and remanded the matter for "resentencing consistent with our determination that all six counts of having weapons while under disability must be merged as allied offenses of similar import[.]" *Id.* at ¶ 53.

**{¶ 8}** Appellant's resentencing hearing was held on April 8, 2021. Prior to sentencing, the court inquired whether the parties requested that the court "incorporate

3.

everything that took place, statements, comments, the Court going over rights and everything else at the original sentencing on June 17th, 2019?" The parties responded affirmatively.

{¶ 9} Addressing defense counsel, the court reiterated: "The Court's incorporating and adopting everything that took place as far as the comments, the rights, and everything else that was afforded at that sentencing hearing and strictly resentencing on the count."

{¶ 10} The court then sentenced appellant as follows:

[O]n Count 1, felony of the third degree, Weapons Under Disability, to a 36 month prison sentence, a $1,000 fine. Counts 2, 3, 4 5, and 6, all Weapons Under Disability, hereby merged into one. Count 7, felony of the second degree, Possession of Cocaine, the Court imposes an eight year prison sentence, that's mandatory, with a three year "shall have," uh, three years mandatory PRC on the Count 7 and a "may have" three years PRC on the Count 3. Those all were imposed in the original sentencing and are imposed again.

Mandatory fine of $10,000 that was imposed originally is also imposed.

Those counts run consecutive for a total of 11 years and $11,000 in fines and Court costs, and the Court is – all the other things said at

4.

sentencing regarding those fines and collection of 'em are hereby also imposed. Court cost also is imposed.

{¶ 11} In its April 21, 2021 sentencing judgment entry, a preprinted form with check boxes indicating the court's "findings, holdings, and orders," the court marked that it "considered and weighed the principles and purposes of sentencing (O.R.C. §2929.11/ § 2929.21 et seq.)" and "considered, weighed, and made findings for sentencing of either a *Concurrent* and/or *Consecutive* sentence (O.R.C. §2929.12/ §2929.13/ 2929.14 et. seq.)"

{¶ 12} This appeal followed.

## II. Assignment of Error

Assignment of Error: The trial court's sentence of Jeffrey Moore ("Appellant") violates R.C. 2929.14(C)(4)— and is thus contrary to law— insofar as the trial court did not make the appropriate findings of fact for Appellant to be sentenced in a consecutive manner.

## III. Discussion

{¶ 13} Appellant's sole assignment of error argues that at appellant's resentencing hearing, specifically as to the imposition of a consecutive sentence, the trial court failed to make the necessary findings. The state counters that because the court specifically incorporated all its findings from the first sentencing hearing, and the required findings were made therein, the sentence is not contrary to law.

5.

{¶ 14} On review of a felony sentence, this court is guided by R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 15} Reviewing the arguments of the parties, we observe a more fundamental error with the proceedings on remand pertaining to the scope of resentencing for an allied offense sentencing error. R.C. 2929.19 sets forth the procedures for court to follow during felony sentencing hearings. It states, in part:

> The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before *resentencing* an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code.

(Emphasis added.) R.C. 2929.19(A).

6.

**{¶ 16}** Pertinent to the facts at issue, the Supreme Court of Ohio has held: "When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus. The *Wilson* court acknowledged that such resentencing hearing may be narrowed in scope by the parties stipulating to the "sentencing court's considering the record as it stood at the first sentencing hearing. *Id.* at ¶ 15, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

**{¶ 17}** Reviewing the proceedings below the parties did, in fact, properly stipulate to the multiple statements and comments made at the prior hearing. However, the parties could not stipulate to the mandatory statutory duties imposed on the court when sentencing a defendant on a felony conviction. Such duties include the court's consideration of R.C. 2929.11 and 2929.12 and, if imposing a consecutive sentence, R.C. 2929.14(C)(4). Evidence that the court "engaged in the correct analysis" must be included in the sentencing hearing transcript and the sentencing judgment entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

**{¶ 18}** As demonstrated above, at the April 21, 2021 resentencing hearing the court failed to make the necessary statutory findings. Accordingly, because we find that

7.

on remand the trial court failed to conduct a de novo sentencing hearing on the merged weapons while under disability conviction, appellant's assignment of error is well-taken.

## IV. Conclusion

{¶ 19} Based on the foregoing, the April 21, 2021 judgment of the Erie County Court of Common Pleas is reversed and the matter is remanded to conduct a limited de novo sentencing hearing in accordance with this decision.  Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.