[Cite as *State v. Moore*, 2023-Ohio-3834.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                     Court of Appeals No.  E-22-051

    Appellee                                    Trial Court No.  2018-CR-103

v.

Jeffrey E. Moore                            **DECISION AND JUDGMENT**

    Appellant                `                Decided:  October 13, 2023

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Jeffrey Moore, appeals the November 8, 2022 judgment of the
Erie County Court of Common Pleas sentencing him to an aggregate prison term of 11
years.  For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} This is the third time Moore's case has been before us.[1] In *State v. Moore*, 2021-Ohio-765, 168 N.E.3d 921 (6th Dist.) ("*Moore I*"), we affirmed Moore's six convictions of having weapons while under disability in violation of R.C. 2923.13(A)(2), each a third-degree felony, and single conviction of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(d), a second-degree felony. *Id.* at ¶ 2, 53. However, we determined that the trial court erred by sentencing Moore on all six weapons-under-disability convictions because Moore "committed only one offense of having weapons while under disability when he simultaneously possessed the three firearms at issue in one location at one time[,]" so the six convictions should have merged at sentencing. *Id.* at ¶ 51. We remanded the case to the trial court for resentencing. *Id.* at ¶ 53.

{¶ 3} In April 2021, the trial court held a resentencing hearing and sentenced Moore for one conviction each of weapons under disability and possession of cocaine. Following resentencing, in *State v. Moore*, 6th Dist. Erie No. E-21-041, 2022-Ohio-3504 ("*Moore II*"), we determined that the trial court failed to make the findings required by R.C. 2929.14(C)(4) at the resentencing hearing because the court, with the parties' consent, "'incorporate[d] everything that took place * * *'" at the original sentencing hearing—including the court's findings under R.C. 2929.14(C)(4)—but "the parties could

---

[1] *Moore I* and *Moore II* thoroughly detail the facts of this case. *Moore I* at ¶ 2-23; *Moore II* at ¶ 3-11. Thus, this decision includes only the facts germane to Moore's current appeal.

2.

not stipulate to the mandatory statutory dut[y] imposed on the court * * *" to make the R.C. 2929.14(C)(4) findings when imposing consecutive sentences. *Id.* at ¶ 8, 17. We again remanded the case to the trial court to resentence Moore. *Id.* at ¶ 19.

{¶ 4} In November 2022, at Moore's third sentencing hearing, the trial court again sentenced Moore for one conviction each of weapons under disability and possession of cocaine. The focus of this hearing was on the findings required for the court to impose consecutive sentences.

{¶ 5} Moore's attorney asked the court to impose concurrent, non-maximum sentences and pointed out that (1) Moore was not on probation or postrelease control at the time of the offenses; (2) there was not an "identified victim" of his offense (beyond society at large); (3) his multiple offenses did not present "any additional threat of harm[;]" (4) although Moore had a "significant" criminal history, his convictions were "based on the fact that he has struggled with substance abuse issues for most of his adult life" and substance abuse was a "significant factor" in the offenses in this case; (5) he did not have much of a juvenile record and "substance abuse certainly played a role in * * *" his adjudications; and (6) his convictions in this case were not for violent crimes.

{¶ 6} In its argument, the state said that the court considered everything required to make a determination about consecutive sentences at the original sentencing hearing, so the prosecutor "incorporate[d] any prior remarks that were said regarding the sentencing that would be appropriate * * *." In its remarks at the first sentencing, the

3.

state argued for a "harsh sentence" because Moore did not express any remorse, was "still willing to deny his culpability[ and] his accountability, * * *" had a criminal record that spanned more than 30 years, had not responded favorably to past sanctions, and was a danger to the community.

{¶ 7} When Moore spoke, he complained that none of his attorneys had addressed two legal issues that he believed made his convictions improper, including being charged with a fifth-degree felony but being convicted of a second-degree felony and never seeing a copy of the search warrant police used to obtain the evidence against him. The trial court explained these issues to Moore before proceeding with the sentencing, and pointed out that Moore's legal concerns "could have been addressed with the Court of Appeals twice * * *[,]" but he did not raise them in *Moore I* or *Moore II*.

{¶ 8} Before imposing sentence, the court explained to Moore the factors it had to consider under R.C. 2929.11 and 2929.12. Regarding those factors, the court noted that (1) society was the victim of Moore's crimes; (2) although Moore did not have a record of juvenile adjudications, he had a lengthy adult criminal history that began in 1986 and included convictions of aggravated felonious assault, aggravated robbery, breaking and entering, attempted receiving stolen property, theft, disorderly conduct, assault, aggravated menacing, drug trafficking, possession of drugs, and domestic violence; (3) while on bond before trial, Moore missed check-ins and drug tests and tested positive for cocaine; (4) Moore had not responded favorably to prior sanctions, including jail time,

4.

fines, and prison time; (5) despite having a history of drug offenses and being convicted of a drug offense in this case, Moore had not admitted that he had a drug problem or received any substance-abuse treatment; and (6) Moore did not show remorse, blamed others for his legal troubles, and refused to take responsibility for his actions. The court concluded that Moore was likely to reoffend in the future because of his past drug offenses and "truth and veracity offenses."[2]

{¶ 9} The court went on to determine that consecutive sentences were necessary to protect the public from future crime by Moore and to punish Moore, were not disproportionate to the seriousness of Moore's conduct, and based on Moore's history of criminal conduct, were necessary to protect the public from future crime by Moore. The court explained the reasoning behind its decision: "You've been trafficking drugs in the past in this community and you were in possession of mandatory drugs [sic] this time. No indication that it was for personal use when it was that amount. * * * You were also in possession of weapons at the time and that's violence."

{¶ 10} The court sentenced Moore to 36 months in prison for a single weapons-under-disability conviction and eight years for the possession conviction. The court ordered Moore to serve the sentences consecutively for an aggregate term of 11 years.

---

[2] The trial court did not order a presentence-investigation report, but the probation department compiled information about Moore, his criminal record, and the charges underlying this case that it submitted to the court before the original sentencing hearing.

5.

**{¶ 11}** In its sentencing entry, which is a preprinted form with check boxes indicating the court's "FINDINGS, HOLDINGS, and ORDERS[,]" the court marked that it "considered, weighed and made findings for sentencing of either a *Concurrent* and/or *Consecutive* sentence (O.R.C. §2929.12/ §2929.13/ 2929.14 et. seq..)." (Capitalization and emphasis sic.) Later in the entry, the trial court marked that consecutive sentences "are applicable based on the factors in O.R.C. 2929.14 (C) (4) (a) –(c) et. seq…"

**{¶ 12}** Moore now appeals, raising one assignment of error:

> The trial court erred in imposing consecutive sentences upon Mr. Moore, and further erred by not considering whether the aggregate length of the consecutive sentence imposed was disproportionate to the offense, resulting in a sentence contrary to law[.]

## II. Law and Analysis

**{¶ 13}** In his assignment of error, Moore argues that the trial court erred by imposing consecutive sentences because the record lacks evidentiary support for the court's conclusions. Specifically, he claims that (1) his lengthy criminal record is the only finding supported by the record, and his record, standing alone, is insufficient to show that additional prison time would "meaningfully protect the public from anything[;]" (2) the trial court inappropriately equated "constructive possession" of a firearm to "actual violent crime[;]" (3) Moore's "refusal to accept responsibility * * *" for his crimes has "no bearing" on whether consecutive sentences are appropriate; and (4)

6.

Moore's offenses are not "any worse than any other offense of the same sort * * *." (Emphasis deleted.) He also claims that the trial court failed to analyze the proportionality of the aggregate sentence it imposed.

{¶ 14} The state responds that (1) the trial court made all of the findings required by R.C. 2929.14(C)(4), both at the sentencing hearing and in the judgment entry; (2) there is "ample evidence" in the record to support the trial court's consecutive-sentence findings; (3) Moore's criminal record, lack of remorse, and failure to take responsibility show that consecutive sentences are necessary to protect the public; (4) Moore's continuing criminal behavior shows that consecutive sentences are not disproportionate to the seriousness of his crimes and the danger he poses to the public; and (5) Moore's criminal history shows that consecutive sentences are necessary to protect the public from future crime by Moore.

{¶ 15} We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

7.

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 16} We review a trial court's findings related to consecutive sentences de novo. *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, --- N.E.3d ----, ¶ 27.[3]

{¶ 17} In determining whether consecutive sentences are clearly and convincingly contrary to law under R.C. 2953.08(G)(2), the appellate court must first ensure that the trial court made each of the findings required by R.C. 2929.14(C)(4). *Id.* at ¶ 25. To impose consecutive sentences, a trial court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *;" (2) imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *;" and (3) one of the factors in R.C. 2929.14(C)(4)(a) to (c) applies. R.C. 2929.14(C)(4); *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252. As relevant here, R.C. 2929.14(C)(4)(c) requires the trial court to find that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." If the trial court fails to make these findings, the sentence is contrary to law. *Gwynne* at ¶ 25.

---

[3] A motion for reconsideration of this decision is pending before the Ohio Supreme Court.

8.

{¶ 18} The second step the appellate court must take is determining if the record clearly and convincingly supports the trial court's findings. *Id.* at ¶ 26. This requires the appellate court to have "a firm conviction or belief" that the evidence in the record does not support the trial court's findings before vacating or modifying consecutive sentences. *Id.* at ¶ 26-27. Reviewing the record for clear and convincing evidence requires the appellate court to (1) determine if there is some evidentiary support in the record for the trial court's consecutive sentence findings, and (2) ensure that whatever evidentiary basis exists is "adequate to fully support the trial court's consecutive-sentence findings." *Id.* at ¶ 29.

{¶ 19} A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The trial court is not required to state the reasons behind its findings, however. *Id.* Moreover, "a word-for-word recitation of the language of the statute is not required * * *" as long as the reviewing court "can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings * * *." *Id.* at ¶ 29.

{¶ 20} In this case, the trial court made all three findings at the sentencing hearing and incorporated its consecutive-sentence findings into the judgment entry.[4] Moore's

---

[4] Moore does not challenge the adequacy of the consecutive-sentence findings in the sentencing entry—i.e., the trial court's single statement that "[t]his Court finds *Consecutive* sentences are applicable based on the factors in O.R.C. 2929.14 (C) (4) (a) -

challenge to his sentence focuses on the second step of the *Gwynne* analysis, i.e., whether the trial court's findings are clearly and convincingly unsupported by the record.

{¶ 21} Moore's arguments about the strength of the evidence boil down to two main points. First, he contends that the trial court's findings that consecutive sentences are necessary to protect the public are unsupported by the record because the trial court mistakenly believed that his weapons-under-disability conviction was an offense of violence and a criminal record, standing alone, is insufficient to show that additional prison time will protect the public. Second, he argues that the trial court failed to consider whether the aggregate sentence was proportionate to the seriousness of his conduct and the danger he poses to the public.

{¶ 22} Turning to the trial court's necessity findings, we agree with Moore that having a gun under a legal disability, as defined by R.C. 2923.13, does not constitute "violence." *See* R.C. 2901.01(A)(9) (defining offenses of violence, which do not include R.C. 2923.13). However, the fact that Moore possessed three guns—despite being convicted of multiple felonies and offenses of violence and being prohibited by law from

(c) et. seq…" (Emphasis sic.) We have previously determined that this language sufficiently incorporates a trial court's consecutive-sentence findings into the sentencing entry. *State v. Rogers*, 6th Dist. Erie Nos. E-21-027 and E-21-031, 2022-Ohio-4126, ¶ 42-43, *appeal allowed on other grounds*, 170 Ohio St.3d 1491, 2023-Ohio-2407, 212 N.E.3d 944 ("[T]he better course would have been for the trial court to have been more specific in its sentencing judgment entry to reflect the statements made at the sentencing hearing. Nevertheless, we find that the sentencing judgment entry reflects that the trial court did engage in an analysis required pursuant to R.C. 2929.144(C)(4)(a) [sic] before imposing consecutive sentences.").

10.

possessing firearms—supports the trial court's finding that he poses a danger to the public. *See State v. Carnes*, 154 Ohio St.3d 527, 2018-Ohio-3256, 116 N.E.3d 138, ¶ 16 ("Inherent in R.C. 2923.13(A)(2) is a policy decision made by the legislature that allowing weapons in the hands of individuals with certain prior [convictions] poses an increased risk to public safety * * *.").

{¶ 23} More importantly, Moore's history of criminal convictions and juvenile adjudications is sufficient to support the trial court's necessity findings. "[W]hether consecutive sentences are necessary to protect the public is completely dependent on whether the defendant's criminal history demonstrates the need for the defendant to be incapacitated by a lengthy term of incarceration." (Emphasis deleted.) *Gwynne*, Slip Opinion No. 2022-Ohio-4607, --- N.E.3d ----, at ¶ 15. Contrary to the trial court's findings, the information complied by the probation department shows that Moore has a record of juvenile adjudications beginning when he was 11 years old. His juvenile record includes delinquency findings for assault and aggravated robbery, along with a few other offenses. Moore's adult record is more troubling. His first conviction occurred when he was 24 years old, and he regularly accumulated convictions of varying degrees of seriousness every three or four years (and often more frequently) for the next 30 years. His adult convictions include offenses of violence (e.g., aggravated felonious assault, aggravated robbery, domestic violence) and drug offenses (e.g., drug trafficking and possession of cocaine). On the whole, Moore's record shows that he has regularly

11.

engaged in criminal behavior for the past 50 years—despite penalties ranging from fines to community control to years in prison. On this record, we cannot say that we have a firm conviction or belief that the evidence does not support the trial court's findings that consecutive sentences are necessary to protect the public and Moore's history of criminal conduct requires consecutive sentences to protect the public from future crime by Moore.

{¶ 24} Regarding the proportionality of the aggregate sentence, Moore argues only that the trial court "failed to conduct any analysis * * *" of proportionality and this "lack of * * * discussion * * *" shows that consecutive sentences are unsupported by the record. But a trial court is not required to state the reasons underlying its decision to impose consecutive sentences, or "give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37. Thus, the record's silence on this point is not dispositive.

{¶ 25} A trial court's proportionality analysis "does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate [to the seriousness of the defendant's conduct and to the danger the defendant poses to the public]." (Brackets sic and internal quotations omitted.) *State v. Johnson*, 2023-Ohio-2008, --- N.E.3d ----, ¶ 35 (6th Dist.). In *Gwynne*, the Supreme Court explained that R.C. 2929.14(C)(4) requires a sentencing court to find that the total

12.

of each of the sentences it intends to impose consecutively is not disproportionate to the seriousness of the defendant's conduct and the danger he poses to the public, as opposed to determining "whether any hypothetical consecutive sentence might be necessary or proportionate." *Gwynne* at ¶ 17. In a case like Moore's that involves only two convictions, determining whether the trial court's aggregate sentence is not disproportionate is fairly straightforward; evidence that the court considered proportionality at all is sufficient because the court has only two prison terms that it could potentially stack.

{¶ 26} Here, although the court did not explicitly say that it was considering the proportionality of the aggregate sentence that it imposed, there is no requirement that it do so. *See Bonnell* at ¶ 37. The record shows that the court looked at Moore's "current conduct" of possessing cocaine and three guns, along with the "apparently illicit substances, marijuana, prescription medication prescribed to someone other than [Moore], a ledger tracking the inflow of money and the weight of narcotics leaving the residence, a digital scale, and $7,936 in cash (both genuine and counterfeit) * * *" that police found at his home when they searched it. *Moore I*, 2021-Ohio-765, 168 N.E.3d 921, at ¶ 10. The court also considered Moore's lack of remorse and refusal to take responsibility for his actions, which are appropriate factors to consider in the consecutive-sentence calculus. *See, e.g., Johnson* at ¶ 36 (appellant's lack of remorse, considered with his other conduct, did not show that the trial court's proportionality

13.

analysis was unsupported by the record); *State v. Collins*, 3d Dist. Union No. 14-22-28, 2023-Ohio-3011, ¶ 24 (appellant's "extensive criminal history, lack of remorse, and failure to respond favorably to sanctions imposed in the past * * *" showed that consecutive sentences were not disproportionate); *State v. Schumacher*, 4th Dist. Adams No. 21CA1145, 2022-Ohio-2939, ¶ 18 (appellant had not "shown any remorse[,]" which supported the trial court's consecutive-sentence findings); *State v. Lemmings*, 12th Dist. Clinton No. CA2021-01-001, 2021-Ohio-3285, ¶ 22 ("The nature of appellant's crimes, his significant criminal history, his lack of genuine remorse, and the continued danger he poses to the public support the imposition of consecutive sentences.").

{¶ 27} Weighing against this, Moore points to the facts that "[t]here is no corporeal victim in this case * * *" and he was not "accused of a violent act * * *." We also note his trial counsel's argument that he struggles with substance abuse (which is supported by some of the probation department's information) and his addiction was "a significant factor related to the offenses that he was convicted on * * *." However, when the court looked at Moore's current convictions combined with his extensive criminal history—including convictions for offenses of violence and drug offenses—and the harm to society caused by "hav[ing] drugs in the community * * *[,]" it concluded that consecutive sentences were not disproportionate to the seriousness of Moore's conduct and the danger he poses to the public. Based on this information, we cannot say that we

14.

have a firm belief or conviction that the trial court's proportionality analysis is unsupported by the evidence in the record.

{¶ 28} Moore's assignment of error is not well-taken.

### III. Conclusion

{¶ 29} For the foregoing reasons, the November 8, 2022 judgment of the Erie County Court of Common Pleas is affirmed.  Moore is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.         _____
                  JUDGE
Christine E. Mayle, J.

                 _____
Charles E. Sulek, J.          JUDGE
CONCUR.

                 _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.