[Cite as *State v. Starcher*, 2023-Ohio-4854.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Christopher Starcher

        Appellant

Court of Appeals No.   L-23-1063
                         L-23-1066
                         L-23-1067

Trial Court No.  CR0202202210
                        CR0202202141
                        CR0202202683

**<u>DECISION AND JUDGMENT</u>**

Decided:  December 29, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Seth A. Stanley, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This consolidated matter is on appeal from the judgment of the Lucas County Court of Common Pleas, which, after accepting pleas of no contest in three separate cases, sentenced appellant, Christopher Starcher, to an aggregate sentence of 66 months in prison.  For the reasons that follow, we affirm.

## II. Background

{¶ 2} A Lucas County grand jury indicted Starcher in three separate cases in 2022. On July 12, 2022, in case No. CR 202202141, Starcher was charged with four counts of receiving stolen property in violation of R.C. 2913.51(A) and (C) and R.C. 2913.71(A), felonies of the fifth degree, and two counts of identity fraud in violation of R.C. 2913.49(B)(2) and (I)(2), felonies of the fifth degree.

{¶ 3} On July 21, 2022, in case No. CR 202202210, Starcher was charged with one count of receiving stolen property in violation of R.C. 2913.51(A) and (C) and R.C. 2913.71(A), a felony of the fifth degree, two counts of forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(a) and (b), felonies of the fifth degree, and two counts of identity fraud in violation of R.C. 2913.49(B)(2) and (I)(2), felonies of the fifth degree.

{¶ 4} On October 4, 2022, in case No. CR 202202683, Starcher was charged with one count of receiving stolen property in violation of R.C. 2913.51(A) and (C) and R.C. 2913.71(A), a felony of the fifth degree.

{¶ 5} All three cases arose from conduct occurring in February and March, 2022. The cases were assigned among two judges. Starcher entered pleas of no contest in each case. Although case Nos. CR 202202141 and CR 202202683 were before the same judge, Starcher entered pleas separately, with an intervening plea entered in case No. CR 202202210, before a second judge.

{¶ 6} On February 13, 2023, in case No. CR 202202683, Starcher entered a plea of no contest and was found guilty by the trial court on the sole count of receiving stolen

2.

property. The state recited the facts that it would have proven at trial, that Starcher and a co-defendant broke into a vehicle and stole a wallet, credit cards, and iPhone, and the credit card was used to purchase items for a loss to the victim of $580.

{¶ 7} On February 21, 2023, in case No. CR 202202210, Starcher entered a plea of no contest and was found guilty by the trial court on one count of receiving stolen property, one count of forgery, and one count of identity fraud. The state recited the facts that it would have proven at trial, that Starcher was found using a credit card without authorization to purchase items at two different stores, presenting himself as the victim to police, with a loss to the victim of $741.65 and $596.55.

{¶ 8} On February 22, 2023, in case No. CR 202202141, Starcher entered a plea of no contest and was found guilty by the trial court on two counts of receiving stolen property and one count of identity fraud. The state recited facts that it would have proven at trial, that Starcher stole a purse from a vehicle by breaking a window, and used a credit card from the purse to make about $500 in purchases, with the loss to the victim of $230.

{¶ 9} On February 22, 2023, the judge presiding in case Nos. CR 202202141 and CR 202202683 held a sentencing hearing. After addressing the statutory factors, the trial court determined Starcher was not amenable to community control and imposed an 11-month prison term for each count. The trial court referenced Starcher's "very lengthy record" and the repetitive nature of his receiving stolen property offenses since 2011, noting Starcher's criminal history and the "nature and volume of the harm caused," and that the offenses were committed as part of a course of conduct. The trial court find

3.

consecutive sentences were necessary to protect the public from future crime, to punish Starcher, and were not disproportionate to the seriousness of Starcher's conduct or the danger he posed. The trial court included these findings in the judgment entry, ordering the following:

{¶ 10} (In case No. CR 202202141)

Defendant ordered to serve 11 months as to Count 3 [receiving stolen property in violation of R.C. 2913.51(A), (C), and 2913.71(A), a felony of the fifth degree)] 11 months as to Count 4 [receiving stolen property in violation of R.C. 2913.41(A), (C), and 2913.71(A), a felony of the fifth degree], and 11 months as to Count 6 [identity fraud in violation of R.C. 2913.49(B)(2) and (I)(2), a felony of the fifth degree] in Ohio Department of Rehabilitation and Corrections. Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the harm caused was great or unusual such that no single prison term is adequate, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences as to each of the three counts are ordered to be served

consecutively. The sentences are ordered to be served concurrently to the sentence in CR 202202683.

(In case No. CR 202202683)

It is ordered that defendant serve a term of 11 months in prison. * * * The sentences are to be served concurrently with case number CR202202141.

{¶ 11} On March 9, 2023, the judge presiding over case No. CR 202202210 held a sentencing hearing.  In imposing sentence, the trial court noted Starcher's continued denial of culpability despite video evidence of him using the victim's credit cards, as well as his "extensive criminal history with 23 felonies and 30 misdemeanors" including prior theft offenses that demonstrated Starcher posed "a significant property threat to this community."  The trial court mistakenly stated that the offenses in his case were committed while out on bond in case No. CR 202202141 and, while out on bond in the present case, Starcher committed new offenses in case No. CR 202202683.

{¶ 12} The trial court noted that Starcher is "a multi-state offender with convictions in Michigan and California" and that Starcher was currently on probation on felony cases in Michigan, with a misdemeanor case pending in Ohio.  The trial court further found that consecutive sentences were "necessary to protect the public from future crime or punish the defendant and not disproportionate to the seriousness of the defendant's conduct or the danger the defendant poses."  Finally, the trial court found "the harm caused was so great or unusual that no single prison term for any of the

5.

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct and the defendant's criminal history requires consecutive sentences."

{¶ 13} The trial court included the findings in the judgment entry, as follows: (In case No. CR 202202210)

It is ordered that defendant serve a term of 11 months in prison as to Count 1 [receiving stolen property in violation of R.C. 2913.51(A),(C), and 2913.71(A), a felony of the fifth degree]; 11 months in prison as to Count 3 [forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(a) and (b), a felony of the fifth degree] and 11 months in prison as to Count 5 [identity fraud in violation of R.C. 2913.49(B)(2) and (I)(2), a felony of the fifth degree]. * * * Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was awaiting trial or sentencing, the harm caused was great or unusual such that no single prison term is adequate, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively to each other and consecutively to the sentences in CR22-2141 & CR22-2683.

6.

**{¶ 14}** Based on the sentences imposed in each case, the trial court ordered Starcher to serve a total sentence of 66 months, after applying the consecutive terms.

**{¶ 15}** This appeal followed.

### III. Assignment of Error

**{¶ 16}** On appeal, Starcher asserts a single assignment of error:

The record on appeal does not support the trial court's imposition of consecutive sentences by clear and convincing evidence.

### IV. Analysis

**{¶ 17}** We review felony sentencing under R.C. 2953.08(G)(2), which provides:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

The challenge, in this case, concerns sentencing findings under R.C. 2929.14(C)(4).

7.

{¶ 18} In his sole assignment of error, Starcher argues the record does not support the trial court's imposition of consecutive sentences by clear and convincing evidence. In support, the only deficiency argued in the trial court's findings is that the trial court incorrectly determined he committed the offenses in CR 202202210 while out on bond in case No. CR 202202141. Starcher does not otherwise dispute any of the other findings of the trial court in determining the need for consecutive sentences, but instead, seeks de novo review of the consecutive sentence findings pursuant to *State v. Gwynne,* Slip Opinion 2022-Ohio-4607 (*Gwynne IV*).

{¶ 19} On October 25, after briefing was completed in Starcher's case, the Ohio Supreme Court vacated *Gwynne IV* on reconsideration. *See State v. Gwynne,* Slip Opinion 2023-Ohio-3851 (*Gwynne* V). In vacating the prior decision, upon which Starcher relies, the Supreme Court held:

> R.C. 2953.08(G)(2)(a) is plain and unambiguous and permits an appellate court to modify or vacate consecutive sentences if it clearly and convincingly finds that the record does not support the trial court's consecutive-sentence findings. Our analysis simply applies this standard created by the statute and concludes that the court of appeals could not clearly and convincingly find that the record does not support the trial court's findings. This does not mean that we would impose the same sentence if we sat in the trial court's place. But contrary to the assertion in the first dissent, we may not rely on our own findings of fact (or

8.

speculation)—such as a finding that criminal activity tends to reduce with age, that Gwynne's offenses were crimes of opportunity, or that mental-health issues are likely involved—to second-guess the trial court's factual findings in support of consecutive sentences. Even the first dissent recognizes that " 'the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made,' " first dissenting opinion at ¶ 71, quoting *Gwynne IV*, —— Ohio St.3d ——, 2022-Ohio-4607, —— N.E.3d ——, at ¶ 21. Appellate review turns on whether the trial court's findings are clearly and convincingly not supported by the record, and if the evidence supports the trial court's consecutive-sentence findings, the analysis ends there.

*Gwynne* at ¶ 24 (*Gwynne V*).

{¶ 20} Based on reliance on authority that is no longer good law, Starcher's challenge to consecutive sentences does not identify any failure of the trial court to consider the statutory factors under R.C. 2929.14(C)(4), and make the required findings as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of

the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 21} Here, the trial court made the requisite findings at each sentencing hearing, with no claim by Starcher that the trial court failed to make a necessary finding. Furthermore, even if the trial court mistakenly referred to offenses in case No. CR 202202210 while out on bond in case No. CR 202202141, this consideration was relevant to the factors under R.C. 2929.14(C)(4)(a) to (c), and the trial court made additional findings regarding Starcher's "history of criminal conduct," relative to R.C.

10.

2929.14(C)(4)(c). Starcher does not dispute this finding, and the record provides ample support.

{¶ 22} "A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry." *State v. Moore,* 6th Dist. Erie No. E-22-051, 2023-Ohio-3834, ¶ 19, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In this case, the trial court made findings addressing R.C. 2929.14(C)(4), and incorporated those findings in the sentencing entries. Any mistake regarding offenses committed while out on bond, moreover, does not negate the other findings in support of consecutive sentences. *See, e.g., Moore* at ¶ 22-23 (while trial court mistakenly considered having weapons while under disability an offense of violence, the record otherwise supported the trial court's necessity findings).

{¶ 23} Upon review of the record, we find the trial court made the necessary findings for consecutive sentences in each case, and the record does not clearly and convincingly demonstrate the trial court erred in its determinations regarding the necessary findings. Accordingly, we find Starcher's sole assignment of error not well-taken.

## V. Conclusion

**{¶ 24}** Based on the foregoing, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                                    Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                              _____
                                                      JUDGE

Christine E. Mayle, J.

                              _____
Gene A. Zmuda, J.                                  JUDGE
CONCUR.

                              _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.