[Cite as *State v. Carnes*, 2015-Ohio-4429.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-T-0120** |
| MARK E. CARNES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2014 CR 00395.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Mark E. Carnes, appeals the sentence of the Trumbull County Court of Common Pleas following his guilty plea to 21 felony sex offenses. At issue is whether the trial court committed plain error in imposing consecutive sentences. For the reasons that follow, we affirm the trial court's decision.

{¶2} On May 16, 2014, appellant was indicted by appellee, the state of Ohio, on five counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2) and

(B); five counts of unlawful sexual conduct with a minor, felonies of the third degree, in violation of R.C. 2907.04(A) and (B)(3); five counts of compelling prostitution, felonies of the third degree, in violation of R.C. 2907.21(A)(2)(a) and (C); and eleven counts of illegal use of a minor in nudity-oriented material or performance, felonies of the second degree, in violation of R.C. 2907.323(A)(1) and (B). Specifically, the indictments stated that appellant had engaged in this conduct with two female minors from 2009 through 2014. In 2009, the victims were 11 and 13 years old. Appellant entered a plea of not guilty to all charges in the indictment.

{¶3} A change of plea hearing was held on October 2, 2014. At the hearing, the trial court advised appellant of the following:

> Mr. Carnes, you understand also that all of the counts that you've been charged with, they can be ordered, at sentencing, to be served concurrently, which means you serve them all at one time, or they could be ordered to be served consecutively, some of them, whatever the Court would deem appropriate, could stack them on top of each other, which could result in a rather lengthy sentence. * * * The potential for you, if the court were to add all the charges on top of each other that you pled to, could result in a 128-year sentence; do you understand that?

{¶4} Appellant affirmed he understood, and no objection was raised at that time. He then signed a written plea of guilty to five counts of unlawful sexual conduct with a minor, five counts of compelling prostitution, and eleven counts of illegal use of a minor in nudity-oriented material or performance. The written plea contained the following language: "The underlying agreement upon which this plea is based is as follows: * * * The State will recommend a prison term that will include consecutive sentence time." The trial court accepted the plea on October 3, 2014, and a nolle

2

prosequi was entered on the remaining five counts of rape. The trial court deferred sentencing and ordered a presentence investigation report.

{¶5} Appellee filed a "sentencing memorandum: motion for consecutive sentences" on October 18, 2014, to which appellant did not file a response. On November 13, 2014, the trial court held a sentencing hearing. Pursuant to the November 20, 2014 sentencing entry, the trial court found the five counts of unlawful sexual conduct with a minor were subject to merge with the five counts of compelling prostitution, respectively, as they were allied offenses of similar import. Appellee elected to sentence on the five counts of unlawful sexual conduct with a minor. Appellant was sentenced to 60 months imprisonment for each count of unlawful sexual conduct with a minor, to be served consecutively to each other. Appellant was also sentenced to eight years imprisonment for each of the eleven counts of illegal use of a minor in nudity-oriented material or performance, to be served concurrently with each other but consecutively to the sentences for unlawful sexual conduct with a minor. This resulted in an aggregate prison term of 33 years. Appellant was also fined $10,000 and classified as a Tier II Sex Offender.

{¶6} Appellant filed a timely notice of appeal from this sentencing entry and assigns one assignment of error for our review:

{¶7} "The trial court's imposition of consecutive sentences upon the appellant was both contrary to law and not supported by the evidence."

{¶8} Appellant did not raise an objection to the imposition of consecutive sentences at his sentencing hearing nor did he file a response in opposition to appellee's motion for consecutive sentences. Therefore, under the circumstances of

3

this case, appellant has forfeited all but plain error on review. *State v. Rogers*, Slip Opn. 2015-Ohio-2459, ¶21.

{¶9} "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Id.* at ¶22. To constitute plain error, an error must be an obvious deviation from a legal rule that affected the outcome. *Id.*, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Further, the defendant has the burden of demonstrating plain error by proving the outcome would have been different absent the error. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶17.

{¶10} Appellate review of non-forfeited alleged error in felony sentences is governed by R.C. 2953.08(G), which provides in pertinent part:

> (2) The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *;
>
> (b) That the sentence is otherwise contrary to law.

We note, therefore, that even if appellant had not forfeited his argument regarding consecutive sentences, the result would be the same on appeal. For if the trial court made such an obvious error in sentencing appellant that it amounted to plain error, it would be contrary to law under R.C. 2953.08(G)(2).

4

{¶11} Judicial fact-finding under R.C. 2929.14(C)(4) is "required to overcome the statutory presumption in favor of concurrent sentences" found in R.C. 2929.41(A). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶23. Appellant essentially argues that the trial court did not overcome this presumption.

{¶12} Pursuant to R.C. 2929.14(C)(4), consecutive sentences may be imposed if the court finds "[1.] the consecutive service is necessary to protect the public from future crime or to punish the offender and that [2.] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, the trial court must also find [3.] that any of the following apply to the offender being sentenced:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} The Ohio Supreme Court has stated that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell*, *supra*, ¶37. The Supreme Court also held that the trial court's imposition of consecutive

sentences will be upheld even if it does not use the exact "words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

{¶14} Here, the findings mandated by R.C. 2929.14(C)(4) are present in both the sentencing transcript and sentencing entry. In one statement at the sentencing hearing, the trial court efficiently satisfied each of the three requirements of R.C. 2929.14(C)(4):

> The Court finds that pursuant to Ohio Revised Code, Section 2929.14, that the harm caused to the victim in this matter is so great that a single prison term would not adequately reflect the seriousness of the conduct of the defendant, and that the criminal behavior of the defendant over a long period of time with the victim shows consecutive sentences are needed to protect the public.

The sentencing entry incorporates these exact factual findings in writing.

{¶15} Appellant's specific contention is that the trial court made no finding as to the "proportionality analysis whatsoever." Although it would have been ideal for the trial court to have explicitly stated the sentence was "proportionate" or "not disproportionate," as we noted, use of the exact words contained in the statute is not required. *Bonnell*, *supra*, ¶37. It is clear that, although the trial court did not explicitly mention "proportionality," it considered the imposition of sentence in relation to the seriousness of appellant's conduct and the danger posed to the public. At the sentencing hearing the trial court outlined the facts that informed its finding of great harm suffered by the victims, to wit: appellant is the uncle of the two victims; appellant acted as loco parentis to the victims on many occasions; appellant used food and other necessities to manipulate the victims; the older victim has suffered great mental injury; and appellant has shown no genuine remorse for his conduct.

6

{¶16} Appellant has not demonstrated that the trial court's imposition of consecutive sentences constitutes plain error. In fact, appellant has not demonstrated that the trial court committed any error. The trial court satisfied the requirements of R.C. 2929.14(C)(4) by finding that consecutive sentences were necessary to protect the public, proportionate to the seriousness of appellant's conduct, and that one single prison term would not adequately reflect the seriousness of appellant's multiple offenses.

{¶17} For all of the foregoing reasons, appellant's assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶18} I disagree with the majority that the trial court properly imposed consecutive sentences upon appellant based on my dissenting opinion in a similar matter involving R.C. 2929.14(C)(4). *State v. Koeser*, 11th Dist. Portage No. 2013-P-0041, 2013-Ohio-5838, ¶35-44 (O'Toole, J., dissenting with a Dissenting Opinion). Finding merit in appellant's assignment of error, I would reverse and remand for resentencing.

{¶19} I respectfully dissent.