[Cite as *State v. Campbell*, 2023-Ohio-4597.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0041 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ORION A. CAMPBELL a.k.a. "BLUE," | Trial Court No. 2022 CR 00957 |
| Defendant-Appellant. | |

## **O P I N I O N**

Decided: December 18, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 567 East Turkeyfoot Lake Road, Suite 107, Akron, OH 44319 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Orion A. Campbell, appeals from his sentence for Unlawful Sexual Conduct with a Minor and Corrupting Another with Drugs in the Trumbull County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On February 9, 2023, Campbell was indicted by the Trumbull County Grand Jury for four counts of Unlawful Sexual Conduct with a Minor, felonies of the fourth degree, in violation of R.C. 2907.04(A); Corrupting Another with Drugs, a felony of the

fourth degree, in violation of R.C. 2925.02(A)(4)(a); and Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1).

{¶3} On April 11, 2023, a plea hearing was held and a written plea agreement was filed. Campbell entered a plea of guilty to four counts of Unlawful Sexual Conduct with a Minor and one count of Corrupting Another with Drugs as contained in the indictment. The remaining charge was dismissed. The State indicated it would have proven that Campbell engaged in sexual conduct with a minor female victim who was 13 and 14 years old at the time of the offenses and that he provided her with marijuana.

{¶4} A sentencing hearing was held on May 25, 2023. Campell apologized to the victim for his actions. Defense counsel observed that Campbell had been a victim of sexual abuse, had a lack of support, had mental health concerns, and had been using drugs from a young age. Counsel emphasized Campbell's promise and noted his abilities as an artist. The State presented no argument on sentencing but made a statement from the victim's mother, indicating that she would like Campbell to receive the maximum sentence to keep her safe. The State indicated "they [the victim and her mother] wanted to be here but it's too much for them to be in the same room with the Defendant."

{¶5} The court stated that it had considered the purposes and principles of sentencing and the relevant seriousness and recidivism factors. The court noted the following information from the PSI report: "The Defendant has a prior Rape, Felony One conviction in 2018, also has been a Registered * * * Sex Offender. In addition to this count, he's got an additional assault charge, theft, and another case of Contributing to the Delinquency of a Minor pending; * * * Obstruction of Official Business and a violation for Failure to Notify a Change of Address." The court noted that Campbell had already been

2

a registered sex offender, had committed offenses involving minors previously, and had a "very high risk to re-offend as indicated by his ORAS [Ohio Risk Assessment System] score." The court stated: "Mr. Campbell, for you to stand in this Court and try to use excuses, your prior abuse history or substance abuse is fake. You are * * * the boogeyman in every parent's nightmares of what somebody could be around their children. You've already been convicted of a Rape once. You know what the system - - how it works. What did you do? You pursued and attacked a 13-year old girl. There's no excuse for your behavior. You are a serial pedophile." The court ordered Campbell to serve consecutive prison terms of 18 months on each count.

{¶6} On May 31, 2023, the court held a hearing to "finish the sentencing," noting that it had not made the consecutive sentencing findings. The court found that consecutive sentences are: "necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the * * * seriousness of the offender's conduct, that due to the conduct of the Defendant a single prison term would not adequately * * * reflect the seriousness of the conduct of the Defendant. The Defendant's criminal history clearly demonstrates consecutive sentences are necessary to protect the public." It found that "everything else will stay as already stated at the prior sentencing." The trial court memorialized the sentence in a June 5, 2023 entry, which stated the consecutive sentencing findings listed in R.C. 2929.14(C)(4).

{¶7} Campbell timely appeals and raises the following assignment of error:

{¶8} "The trial court erred by imposing consecutive sentences upon Defendant-Appellant, Orion Campbell, absent the findings required by law in accordance with R.C. 2929.14 and *State v. Bonnell*."

{¶9} Campbell argues that the trial court erred by failing to make the finding that his sentences were not disproportionate to the danger he poses to the public. He further argues that the record does not clearly and convincingly support consecutive sentences and that Campbell's past record and ORAS score demonstrate a risk of recidivism but not a danger to the public.

{¶10} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *." *Id.*; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶11} A court may order consecutive prison terms if it finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. The pertinent R.C. 2929.14(C)(4)(a)-(c) factor here is (c): "The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.'" *State v. Elliott*, 11th Dist. Trumbull No. 2021-T-0045, 2023-Ohio-412, ¶ 9,

4

citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶12} As observed by the State, Campbell did not object to the consecutive sentences. Where the defendant fails to object to the imposition of consecutive sentences, we limit our review to whether the trial court committed plain error. *State v. Aikens*, 2016-Ohio-2795, 64 N.E.3d 371, ¶ 53 (11th Dist.). "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences * * *, the appellant's sentence * * * constitutes plain error." (Citation omitted.) *State v. Haworth*, 11th Dist. Portage Nos. 2019-P-0042, et al., 2020-Ohio-1326, ¶ 40.

{¶13} Campbell argues that the trial court erred when it made only part of the "proportionality finding" required for consecutive sentences. We agree that R.C. 2929.14(C)(4) requires a complete finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct *and* to the danger the offender poses to the public." (Emphasis added.) We also agree that, at the sentencing hearing, the trial court stated that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct" but omitted specific mention of "the danger the offender poses to the public," although it did make such finding in its sentencing entry. The failure to make a required consecutive sentencing finding at the sentencing hearing renders a sentence contrary to law. *Elliott* at ¶ 12. However, "[t]he trial court has no obligation * * * to engage in a 'word-for-word recitation' of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record." (Citation omitted.) *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 27 (11th Dist.).

5

Case No. 2023-T-0041

{¶14} Although imperfect, the trial court adequately made the required finding regarding the proportionality of consecutive sentences. This court and others have found the proportionality requirement satisfied where the court omitted reference to the danger the offender poses to the public but otherwise demonstrated that it considered the proportionality of consecutive sentences. *State v. Mack*, 11th Dist. Trumbull No. 2023-T-0029, 2023-Ohio-4374, ¶ 82. For example, in *State v. Moore*, 6th Dist. Erie No. E-22-051, 2023-Ohio-3834, the appellate court held that, "although the [trial] court did not explicitly say that it was considering the proportionality of the aggregate sentence that it imposed," it demonstrated its consideration of this factor when the record showed the court looked at the conduct of the defendant in committing the offense and weighed it with other factors, including his lack of remorse. *Id.* at ¶ 26. *See also State v. Arcuri*, 11th Dist. Trumbull No. 2015-T-0123, 2016-Ohio-8254, ¶ 90 ("[t]hat the court considered the proportionality of Arcuri's sentence with respect to the seriousness of his conduct is demonstrated by the court's finding of several factors rendering that conduct more serious"); *State v. Polhamus*, 2d Dist. Miami No. 2013-CA-3, 2014-Ohio-145, ¶ 28 (although the trial court failed to state that the sentence was not disproportionate to the danger the offender poses to the public, it recognized his prior conviction and found that his history of criminal conduct posed a danger, and did not err in ordering consecutive sentences); *State v. Carnes*, 11th Dist. Trumbull No. 2014-T-0120, 2015-Ohio-4429, ¶ 15 ("[i]t is clear that, although the trial court did not explicitly mention 'proportionality,' it considered the imposition of sentence in relation to * * * the danger posed to the public" where it outlined the facts of the crime and the harm to the victims).

{¶15} Here, although not explicitly stating it was conducting such analysis in

6

relation to consecutive sentencing findings, the trial court extensively considered both Campbell's current conduct and his past conduct in determining that consecutive sentences were warranted. The court observed that, although only 20 years old, Campbell has a history of charges and/or convictions for contributing to the delinquency of a minor and a rape charge. The court found him to be a serial pedophile and noted his actions in pursuing a juvenile in the present matter. This supports a conclusion that, although not using the exact words in the statute, the court considered that the consecutive sentences were not disproportionate to the danger presented by the defendant to the public. A trial court's proportionality analysis "does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate [to the danger the defendant poses to the public]." (Citations omitted.) *State v. Johnson*, 2023-Ohio-2008, 217 N.E.3d 906, ¶ 35 (6th Dist.).

{¶16} Campbell also argues that, even if the lower court made the proper findings, the record clearly and convincingly lacks support for the imposition of consecutive sentences on the ground that he presents a danger to society. First, he contends that his history of crime and high ORAS score demonstrate only a risk of recidivism rather than a danger to the public. However, it is evident that Campbell's repeat offenses have had multiple victims and demonstrate that he poses a danger to society as a whole. *State v. Homa*, 11th Dist. Lake No. 2021-L-038, 2021-Ohio-3974, ¶ 28 (considering, in evaluating the evidence supporting the trial court's consecutive sentence findings, the defendant's risk assessment score in addition to the circumstances of the crime).

7

{¶17} Second, Campbell argues that his remorse shows he does not pose a danger to society. Campbell's expression of remorse alone does not demonstrate he will not be a risk in the future. Further, the court considered his statements offered in court, in particular stating that his attempts to use excuses such as substance abuse to justify his actions were "fake." *See State v. Ogletree*, 11th Dist. Lake No. 2019-L-009, 2019-Ohio-3999, ¶ 25 (where the trial court found that the defendant did not display genuine remorse, the court's sentence was not clearly and convincingly unsupported by the record or otherwise contrary to law). Further, Campell's argument that he is "smart, creative, and artistic" does not mitigate the risk he poses to the public given his repeated, similar offenses and serious criminal conduct.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, Campbell's sentence for Unlawful Sexual Conduct with a Minor and Corrupting Another with Drugs in the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

8