[Cite as *State v. Williams*, 2024-Ohio-5999.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-T-0034** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| TYRELL WILLIAMS, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00779 |

**O P I N I O N**

Decided: December 23, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Adam Parker*, The Goldberg Law Firm, LLC, 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).


ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Tyrell Williams ("appellant"), appeals from the judgment of the Trumbull County Court of Common Pleas sentencing appellant to consecutive prison terms on his convictions of felonious assault and kidnapping. The trial imposed an aggregate sentence of a minimum of 26 years to a maximum of 31 years plus fines and costs. Upon review, the trial court complied with the sentencing provisions. The individual sentences imposed by the trial court were within the statutory range. The trial court made the consecutive findings as required by R.C. 2929.14. Despite not using the

exact language in R.C. 2929.14(C), the trial court's observations at sentencing and the record before us, including appellant's presentence investigation, support the trial court's findings pursuant to R.C. 2929.14(C) and the trial court's imposition of consecutive sentences. As such, we affirm the judgment of the Trumbull County Court of Common Pleas.

{¶2} On October 18, 2023, the Trumbull County Grand Jury returned a nine-count indictment charging appellant with two counts of domestic violence, third degree felonies, in violation of R.C. 2919.25(A)&(D)(1)(4) (Counts 1 and 3); two counts of felonious assault, second degree felonies, in violation of R.C. 2903.11(A)(1)&(D)(1)(a) (Counts 2 and 4); endangering children, a third-degree felony, in violation of R.C. 2919.22(B)(2)&(E)(3) (Count 5); two counts of kidnapping, first degree felonies, in violation of R.C. 2905.01(A)(3)&(C)(1) (Counts 6 and 7); and two counts of kidnapping, first degree felonies, in violation of R.C. 2905.01(B)(2)&(B)(1)(2). Counts 2, 4, 6, 7, 8, and 9 also had accompanying repeat violent offender specifications pursuant to R.C. 2941.149.

{¶3} On March 19, 2024, appellant appeared with counsel, waived his rights, and entered a plea of guilty to both counts of felonious assault, second degree felonies (Counts 2 and 4), endangering children, a third degree felony, (Count 5); and two counts of kidnapping, first degree felonies (Counts 6 and 7) as charged in the indictment. The remaining charges and all of the repeat violent offender specifications were dismissed. A presentence investigation ("PSI") was ordered.

{¶4} The State offered the following factual basis at the plea hearing:

Had we proceeded to trial, the [S]tate would have proven each
and every element of each and every offense beyond a

2

reasonable doubt. Specifically, on or about the date referenced in the indictment, in Trumbull County, Ohio, this defendant did, knowingly cause serious physical harm to one [L.M.], the mother of his child, and * * * his one-year-old child, [J.W.].

Furthermore, he restrained them of their liberty and removed them from the place they were found. He also created a substantial risk to the health and safety of the minor child.

The [S]tate would have offered the testimony of the victim, law enforcement officers and provided surveillance footage of the entire incident to prove its case.

Dkt. 25, T.p. Plea and Sentencing, p. 13-14.

{¶5} A sentencing hearing was held on April 9, 2024. During the hearing, the trial court watched surveillance footage which captured the assault on appellant's own child, a child under the age of 2, and the child's mother. In the video, appellant repeatedly struck the female victim. He then kicked his child in the head. Shortly after, appellant kicked the child again, with such force that the child travelled some distance across the room, before returning to continue his rampage on the female victim. When the female victim grabbed their child into her arms, appellant tackled them both to the ground.

{¶6} The trial court determined that Count 2 (felonious assault) and Count 5 (endangering children) merged for purposes of sentencing. The State elected to proceed on Count 2. The court below sentenced appellant to a prison term seven (7) years on Count 2; four (4) years of Count 4; an indefinite term of a minimum of 10 years to a maximum of 15 years on Count 6; and five (5) years on Count 7. The court ordered that all sentences be served consecutively for an aggregate sentence of a minimum of 26 years to a maximum of 31 years plus fines and costs. Appellant was also informed of his duty to register as a violent offender.

3

Case No. 2024-T-0034

{¶7} Appellant timely appeals and raises a single assignment of error: "[t]he trial court committed plain error in imposing consecutive sentences." We disagree.

{¶8} R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *." R.C 2953.08(G)(2)(a). *See,* *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

> Ordinarily, appellate courts defer to the broad discretion trial courts have in making sentencing decisions, and R.C. 2953.08(G) reflects that deference. *See* [*State v.*] *Gwynne*, 2023-Ohio-3851, at ¶ 11 (lead opinion), quoting *State v. Rahab*, 2017- Ohio-1401, ¶ 10 (lead opinion). That makes sense: the trial judge presided over the trial and heard the witnesses testify, the defendant made his allocution to the sentencing judge directly, and the trial judge will often have heard directly from the victims at sentencing. Thus, an appellate court's role is not to be a "second-tier sentencing court." *State v. Ladson*, 2016-Ohio-7781, ¶ 9 (8th Dist.); *see also State v. Jones*, 2020-Ohio-6729, ¶ 41-42. Appellate courts possess no inherent right to review a felony sentence. Indeed, "[e]xcept to the extent specifically directed by statute, 'it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.' " *Williams v. United States*, 503 U.S. 193, 205 (1992), quoting *Solem v. Helm*, 463 U.S. 277, 290, fn. 16 (1983).

*State v. Glover*, 2024-Ohio-5195, ¶ 39.

{¶9} "A court may order consecutive prison terms if it finds it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

4

the danger the offender poses to the public,' and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present." *State v. Campbell*, 2023-Ohio-4597, ¶ 11 (11th Dist.). "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.' " *Id.*, quoting *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.). *See also Glover* at ¶ 38.

{¶10} Like the defendant in *Campbell,* appellant did not object to the trial court's imposition of consecutive sentences at the sentencing hearing. Therefore, appellant has waived all but plain error. *Campbell* at ¶ 12, citing *State v. Aikens*, 2016-Ohio-2795, ¶ 53 (11th Dist.). "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences * * *, the appellant's sentence * * * constitutes plain error." (Citation omitted.) *State v. Haworth*, 2020-Ohio-1326, ¶ 40 (11th Dist.).

{¶11} Furthermore*,* appellant, like *Campbell,* argues that the trial court erred when it made an incomplete "proportionality finding" when imposing consecutive sentences.

{¶12} At the sentencing hearing, the trial court stated:

> The Court has considered the overriding principles and purposes of felony sentencing, the Court further has considered all relevant seriousness and recidivism factors. The Court finds the sentence shall be proportionate to the defendant's conduct, as well as consistent with similarly situated offenders.
>
> The Court makes the following specific findings as they relate to all counts: The defendant's conduct is more serious than the conduct normally constituting the offense. The mental injury suffered by the victim due to the conduct of the defendant was exacerbated because of the age of the minor victim, who was approximately an 18-month-old - - your own son. The victims have suffered both serious physical and

5

Case No. 2024-T-0034

psychological harm. The defendant's relation with the victims facilitated the offenses. The defendant was a person in arrangement of loco parentis of the minor victim. The defendant is highly likely to commit future crimes. The defendant has shown no genuine remorse for the crimes committed. The defendant has an extensive criminal history. And the defendant was on parole when these offenses were committed.

* * *

The Court also finds, pursuant to Ohio Revised Code Section 2929.14, that it is necessary to protect the public from future crime of the defendant, that consecutive sentences are not disproportionate to the seriousness of the offenses of the offenders conduct; that one or all of the offenses were committed while on parole; that due to the conduct of the defendant, a single prison term would not adequately reflect the seriousness of the conduct of the defendant; the defendant's criminal history clearly demonstrates consecutive sentences are necessary to protect the public.

Dkt. 25, T.p. Plea and Sentencing, p. 21-22.

{¶13} These findings were further incorporated into the sentencing entry. Dkt. 16, p. 2-3. In the sentencing entry, the trial court specifically found "that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct *and to the danger the Defendant poses to the public.*" (Emphasis added.)

{¶14} As this Court acknowledged in *Campbell:*

We agree that R.C. 2929.14(C)(4) requires a complete finding that 'consecutive sentences are not disproportionate to the seriousness of the offender's conduct *and* to the danger the offender poses to the public.' * * * We also agree that, at the sentencing hearing, the trial court stated that 'consecutive sentences are not disproportionate to the seriousness of the offender's conduct' but omitted specific mention of 'the danger the offender poses to the public,' although it did make such

6

Case No. 2024-T-0034

finding in its sentencing entry. The failure to make a required consecutive sentencing finding at the sentencing hearing renders a sentence contrary to law. [*State v.*] *Elliott,* [2023-Ohio-412] at ¶ 12 [(11th Dist.)]. However, '[t]he trial court has no obligation * * * to engage in a "word-for-word recitation" of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record.' (Citation omitted.) *State v. Cozzone*, 2018-Ohio-2249, ¶ 27 (11th Dist.).

*Campbell*, 2023-Ohio-4597, at ¶ 13 (11th Dist.).

{¶15} This Court concluded that "[a]lthough imperfect, the trial court adequately made the required finding regarding the proportionality of consecutive sentences." *Id.*, at ¶ 14. *See State v. Mack*, 2023-Ohio-4374, ¶ 82 (11th Dist.). This is consistent with this Court's precedent. *See State v. Arcuri*, 2016-Ohio-8254, ¶ 90 (11th Dist.) (holding "[t]hat the court considered the proportionality of Arcuri's sentence with respect to the seriousness of his conduct is demonstrated by the court's finding of several factors rendering that conduct more serious"); *State v. Carnes*, 2015-Ohio-4429, ¶ 15 (11th Dist.) ("[i]t is clear that, although the trial court did not explicitly mention 'proportionality,' it considered the imposition of sentence in relation to * * * the danger posed to the public" where it outlined the facts of the crime and the harm to the victims). *See also State v. Polhamus*, 2014-Ohio-145, ¶ 28 (2d Dist.); *State v. Moore*, 2023-Ohio-3834, ¶ 26 (6th Dist.).

{¶16} Here, while the trial court did not explicitly state at the sentencing hearing that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and to the danger the appellant poses to the public, it is clear from the trial court's statements during the hearing, that the trial court extensively considered

7

Case No. 2024-T-0034

appellant's past and current conduct before concluding that consecutive sentences were warranted.

{¶17} During the hearing, the trial court noted appellant's extensive criminal history which included convictions for failure to comply, possession of cocaine, domestic violence, felonious assault, and domestic violence. Appellant was also out on parole for an escape charge when these charges were filed. The trial court stated:

> Mr. Williams, your behavior in this case serves as a stark reminder of the necessity of laws in our society requiring that violent criminals are incarcerated for long periods of time. You violated the utmost trust placed in an adult, further underscoring the severity of your actions. Your calculated actions in brutally beating and kicking your own child utterly defies any notion of human decency. The video of you assaulting your own infant child and your girlfriend speaks volumes about your character, more than anything this Court could ever say. In fact, your conduct in this video epitomizes the profile of a violent criminal.

Dkt. 25, T.p. Plea and Sentencing, p. 23-24.

{¶18} The trial court continued:

> [A]s judges, our primary duty is to delicately balance the severity of the crimes committed with the appropriate punishment, taking into account the full extent of the harm caused by your criminal behavior. However, there are certain offenses that surpass any attempt at justification or rationalization. Your reprehensible acts demand the highest scrutiny and condemnation by the judicial system. It is the intent of this Court to give you a sentence, allowed by law, to assure *you never harm another human being for a significant duration.* (Emphasis added.)

Dkt. 25, T.p. Plea and Sentencing, p. 26.

{¶19} "A trial court's proportionality analysis 'does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service

8

Case No. 2024-T-0034

is not disproportionate [to the danger the defendant poses to the public].' (Citations omitted.) *State v. Johnson*, 2023-Ohio-2008, ¶ 35 (6th Dist.)." *Campbell,* 2023-Ohio-4597, at ¶ 15 (11th Dist.). The record, including the video, as well as the observations noted by the trial court at sentencing support a conclusion that the court considered that the consecutive sentences were not disproportionate to the danger presented by the defendant to the public despite not using the exact words in the statute. Instead, the trial court concluded a prison term was necessary so appellant could "never harm another human being for a significant duration." This characterization by the trial court is synonymous to the proportionality language contained in R.C. 2929.14(C) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶20} As such, the trial court complied with R.C.2929.14(C). Upon review, the record in this case does not clearly and convincingly fail to support the trial court's consecutive-sentence findings. *Glover*, 2024-Ohio-5195, at ¶ 61. Thus, appellant's sole assignment of error is without merit.

{¶21} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

9

Case No. 2024-T-0034