[Cite as *State v. Hiles*, 2025-Ohio-1119.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-T-0091 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DANIEL HILES, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00044 |

**O P I N I O N**

Decided: March 31, 2025
Judgment:  Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, *Ryan J. Sanders* and *Charles L. Morrow,* Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jaye M. Schlachet*, Terminal Tower, Suite 2200, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}    Defendant-appellant, Daniel Hiles, appeals his convictions and sentences for Breaking and Entering, Vandalism, and Possessing Criminal Tools in the Trumbull County Court of Common Pleas.  For the following reasons, we affirm the judgment of the lower court.

{¶2}    On February 29, 2024, Hiles was indicted by the Trumbull County Grand Jury for two counts of Breaking and Entering, felonies of the fifth degree, in violation of R.C. 2911.13(A); two counts of Vandalism, felonies of the fifth degree, in violation of R.C. 2909.05(B)(1)(b); and Possessing Criminal Tools, a felony of the fifth degree, in violation of

R.C. 2923.24(A).

{¶3} On July 10, 2024, a change of plea hearing was held. A written plea agreement and finding on guilty plea were subsequently filed. At the hearing, Hiles indicated he cannot read but his attorney reviewed the plea agreement and explained it to him. The court inquired, "Are you sure you understand everything that's in it?" to which Hiles responded affirmatively. The court advised Hiles of the offenses to which he would plead and the range of potential prison terms for each offense. As the factual basis for the convictions, the prosecutor indicated that Hiles broke into and vandalized the Animal Welfare League and a landscaping business. The written plea agreement stated: "The underlying agreement upon which this plea is based is as follows: The Defendant to undergo a Pre-Sentence Investigation." No other recommendation of sentence was discussed by the parties at the plea hearing. Hiles entered pleas of guilty to the offenses contained in the indictment. The court accepted the pleas, found Hiles guilty, and referred the matter to the probation department to conduct a presentence investigation.

{¶4} A sentencing hearing was held on September 25, 2024. Hiles' counsel emphasized Hiles' upbringing in state institutions and desire to reform his conduct, and requested a term of community control. The State observed that Hiles had a history of criminal offenses. It stated: "[p]ursuant to our plea agreement, I indicated I would recommend 12 months, concurrent on each count" and requested entry of that sentence.

{¶5} The court indicated that it had considered the statutory factors in R.C. 2929.11 and .12, that Hiles was not amenable to community control, and a prison sentence was consistent with the purposes and principles of sentencing. It found that he had an "extensive criminal record" and an "extensive number of felony convictions," with a majority of his

2

offenses involving similar crimes. It concluded that Hiles had "been terrorizing the community for 50 years." The court ordered Hiles to serve consecutive prison terms of one year on each count, for a total prison term of five years. The court memorialized the sentence in an October 18, 2024 entry, which stated the R.C. 2929.14(C)(4) consecutive sentencing findings.

{¶6} Hiles timely appeals and raises the following assignments of error:[1]

{¶7} "[1.] Appellant's plea must be vacated in violation of Crim.R. 11 as not entered knowingly, intelligently and voluntarily."

{¶8} "[2.] The trial court erred and imposed a maximum consecutive prison sentence outside of the recommended sentencing range which was contrary to law and not supported by the record where the trial court failed to find all required consecutive sentencing factors and failed to determine/consider the aggregate maximum consecutive prison sentence ordered."

{¶9} In his first assignment of error, Hiles argues that his guilty pleas were not entered knowingly and voluntarily because the trial court failed to comply with the requirement to advise him of the maximum possible penalty, specifically that consecutive sentences could result in a five-year prison term.

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "The best way

---

1. We observe that, at oral argument on this appeal, Attorney Erik Levy appeared on behalf of Daniel Hiles without filing a notice of appearance. We remind counsel that, pursuant to Loc.App.R. 6(C), "[a]ny new attorney representing a party on appeal, or substituting for another attorney on appeal" or "[a]ny additional counsel" is required to file a notice of appearance with this court. Attorney Jaye Schlachet was the appointed counsel for Hiles in this appeal and while Attorney Levy was also listed on the appellant's brief, he should have filed a notice of appearance pursuant to Loc.App.R. 6(C).

Case No. 2024-T-0091

to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement." *State v. Clark*, 2008-Ohio-3748, ¶ 29. "This court reviews de novo whether the trial court accepted a plea in compliance with Crim. R. 11." *State v Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.).

{¶11} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas" to "'ensur[e] an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" (Citation omitted.) *State v. Dangler*, 2020-Ohio-2765, ¶ 11; *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Relevant to the present appeal is Crim.R. 11(C)(2)(a), which provides that the court in a felony case shall not accept a plea of guilty: "without first addressing the defendant personally" and "[d]etermining that the defendant is making the plea voluntarily, with understanding . . . of the maximum penalty involved."

{¶12} "On appellate review the questions to be answered are '(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?'" *State v. Servantes*, 2023-Ohio-2116, ¶ 35 (11th Dist.), citing *Dangler* at ¶ 17. When a court fails to advise of a nonconstitutional right such as the maximum penalty, "a defendant must affirmatively show prejudice to invalidate a plea." *State v. Francis*, 2004-Ohio-6894, ¶ 29; *Dangler* at ¶ 14.

{¶13} Hiles contends that the lower court failed to advise him that he could receive consecutive sentences. The Ohio Supreme Court has rejected the argument that a

4

defendant must be advised of the possibility of consecutive sentences: the "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *State v. Johnson*, 40 Ohio St.3d 130 (1988), syllabus. The court observed that Crim.R. 11 contained no specific requirement relative to a consecutive sentence advisement and the decision to order sentences consecutively is a matter of sentencing discretion. *Id.* at 134. While Crim.R. 11 has been amended since *Johnson*, its holding that consecutive sentence advisements are not required has been found to have continued applicability by this court. *Willard*, 2021-Ohio-2552, at ¶ 69 (11th Dist.); *State v. Shepard*, 2019-Ohio-3995, ¶ 44 (11th Dist.). Since there is no requirement under Crim.R. 11 to advise a defendant of the consecutive nature of sentences, the trial court did not fail to comply with the rule on this ground.

{¶14} Hiles also argues that his pleas were involuntary because he entered them "upon the assurance that the State was recommending a maximum of a 12 month concurrent sentence." The record raises a question as to the existence of an agreed or recommended sentence upon which the plea was based. The existence of a jointly recommended or agreed sentence was not mentioned either at the plea hearing or in the plea agreement. The plea hearing transcript does not include reference to any particular sentence that would be recommended by the State. The written plea agreement stated the following: "The underlying agreement upon which this plea is based is as follows: The Defendant to undergo a Pre-Sentence Investigation." Generally, the existence of a plea agreement must be established on the record showing the agreement of the parties. *See State v. Azeen*, 2021-Ohio-1735, ¶ 37 (the record must show the elements of a contract and the existence of a

5

plea agreement cannot be based on "speculation about what had been said off the record").

{¶15} However, at the sentencing hearing, the prosecutor stated: "Pursuant to our plea agreement, I indicated I would recommend 12 months concurrent on each Count. I ask the Court to do that." In contrast, Hiles' counsel argued for community control, which would appear to indicate he did not believe there was an agreed sentence of 12 months in prison. While what occurs at the sentencing hearing does not impact the prior entry of a plea, this statement by the prosecutor does tend to lend some credence to the assertion that Hiles entered the plea believing that the State would recommend a sentence. Nonetheless, even presuming Hiles entered his plea believing the State would make a recommended sentence, the State did make such a recommendation and thus did not violate any agreement that may have been had between the parties.

{¶16} Hiles cannot prevail on an argument that the failure of the trial court to impose the recommended sentence renders his pleas involuntary. We initially note that a "trial court is not required to impose a jointly recommended sentence." (Citation omitted.) *State v. Jones*, 2016-Ohio-932, ¶ 17 (11th Dist.). Further, this court has rejected the argument that a plea was entered involuntarily in circumstances similar to those here. In *State v. Phillips*, 2024-Ohio-3065 (11th Dist.), the defendant argued that his plea was involuntary because he believed he would receive an agreed sentence but instead received a greater sentence. This court held that since the State made the recommendation of sentence as promised, the defendant had been advised that the recommendation was not binding and of the possibility of a prison term rather than community control, and the defendant had responded in the negative regarding whether any promises or coercion induced his plea, the plea was voluntarily entered. *Id.* at ¶ 9-10.

6

{¶17} In support of his argument that he was not properly advised of the possibility of the court deviating upward from the one-year recommended sentence, Hiles cites *State v. Jones*, 2024-Ohio-3308 (8th Dist.). In *Jones*, the appellate court held that a trial court may impose a sentence greater than a sentence recommended by a prosecutor where the defendant has been advised of the applicable penalties and forewarned of the possibility of imposing a sentence beyond that recommended by the prosecutor. *Id.* at ¶ 18. The court determined that the defendant was properly advised when he was informed that he was facing a maximum sentence of 20 years, longer than the recommended sentence of seven to ten years. *Id.* at ¶ 19. This case is not determinative here as it stands for the proposition that a plea was entered voluntarily when a defendant was advised of a maximum total sentence but does not demonstrate whether the factually distinct circumstances here would render the plea involuntary.

{¶18} We find that the advisements made by the trial court were sufficient to inform Hiles that he could receive a sentence greater than the one year recommended by the prosecutor. The court informed Hiles that it "does not have to follow the recommendation made in this case," which Hiles indicated he understood. The court advised Hiles of the maximum penalty faced on each of the five charges. The written plea agreement advised: "I understand that if I am charged with multiple counts, the Court could impose consecutive sentences." He indicated that he was not promised anything or threatened to induce his guilty pleas. Under these circumstances, the court complied with the requirement to ensure Hiles was aware he may not receive any recommended sentence that may have existed. In addressing the voluntariness of a plea where the defendant receives a sentence greater than the agreed sentence, *Jones* considered the general proposition that courts may not

7

impose a greater sentence without forewarning to the defendant. Holdings in other cases have found a defendant to be properly advised of the potential for a greater than recommended sentence in circumstances similar to those in the present matter. For example, in *State v. Johnson*, 2018-Ohio-2465 (11th Dist.), this court found no error where a trial court imposed a greater sentence than recommended where, at the plea agreement, the trial court stated that it was not bound by the agreement and informed the defendant of the maximum penalties for all counts. *Id.* at ¶ 34. *See also State v. Stevens*, 2022-Ohio-2974, ¶ 11 (2d Dist.) (finding a plea was entered voluntarily when "the trial court made clear that it was not required to follow the joint recommendation of the parties," did not promise the defendant would receive the recommended sentence, and informed him of the maximum penalty carried by each charge); *State v. Liles*, 2010-Ohio-5799, ¶ 23 (3d Dist.) (a plea was voluntary where the court advised the defendant of the applicable sentence and that it would determine the sentence independent of the recommendation and the defendant stated an understanding of his rights); *State v. Buchanan*, 2003-Ohio-4772, ¶ 22 (5th Dist.) (finding the defendant was properly warned that the court may not impose the recommended sentence when "the trial court informed appellant of the possible penalties which could be imposed" and "specifically forewarned appellant that it did not have to follow the state's recommendation.")

{¶19} Hiles emphasizes that his specific circumstances, including his age, limited education and inability to read, demonstrate his lack of understanding of the consecutive sentence he faced and the prejudice he suffered. However, these circumstances do not alter whether the court complied with its legal obligations to make proper advisements under the law. It is necessary to determine the prejudice to a defendant where a trial court has not

8

fully complied with the applicable rules. However, here the court complied with the requirements of the law. *See Dangler*, 2020-Ohio-2765, at ¶ 17 (determination of prejudice is necessary "if the court has not fully complied with" Crim.R 11). Nonetheless, there is nothing in the record to demonstrate that Hiles believed he could receive only a one-year sentence, as he did not inquire or dispute the court's advisements at the hearing of possible penalties on each of the offenses or its statement that it was not bound by recommendations of the state. Further, his counsel's recommendation of community control at the sentencing hearing refutes a claim that Hiles believed he would receive a one-year recommended prison term. *See State v. Parham*, 2018-Ohio-1631, ¶ 29 (8th Dist.) ("to the extent that Parham contends that he mistakenly believed he would receive a sentence of five years by the trial court, we find nothing in the record to establish such a belief").

{¶20} The first assignment of error is without merit.

{¶21} In his second assignment of error, Hiles argues that the trial court did not make findings at the sentencing hearing required to impose consecutive sentences. He also argues that it failed to consider necessary statutory factors when sentencing him.

{¶22} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds . . . [t]hat the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14 . . . [or] [t]hat the sentence is otherwise contrary to law." *Id.*; *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

9

{¶23} Under this assignment, Hiles first argues that the trial court failed to "consider the proportionality of the need for consecutive sentences and the danger Appellant poses to the public," a required finding to order consecutive sentences.

{¶24} The default rule in Ohio is that "a prison term . . . shall be served concurrently with any other prison term . . . imposed." R.C. 2929.41(A). However, a court may order consecutive terms if it finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. The pertinent R.C. 2929.14(C)(4)(a)-(c) factor here is (c): "The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." "To impose consecutive terms, the court 'is required to make the[se] finding[s] . . . at the sentencing hearing and incorporate its findings into its sentencing entry.'" *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶25} The lower court found the following at the sentencing hearing relative to consecutive sentences:

> Pursuant to 2929.14, the Court finds that it is necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct; that due to the conduct of the Defendant, a single prison term would not adequately reflect the seriousness of the conduct of the Defendant; and the Defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by this offender.

As observed by the State, Hiles did not object to his sentences. "Where the defendant fails to object to the imposition of consecutive sentences, we limit our review to whether the trial court committed plain error." *State v. Campbell*, 2023-Ohio-4597, ¶ 12 (11th Dist.). "Crim.R.

10

52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 2015-Ohio-2459, ¶ 22. "Plain error exists when it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Issa*, 93 Ohio St.3d 49, 56 (2001). "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences . . ., the appellant's sentence . . . constitutes plain error." (Citation omitted.) *State v. Haworth*, 2020-Ohio-1326, ¶ 40 (11th Dist.).

{¶26} Hiles argues that the trial court made only part of the "proportionality finding." R.C. 2929.14(C)(4) necessitates a "complete finding that 'consecutive sentences are not disproportionate to the seriousness of the offender's conduct *and* to the danger the offender poses to the public.'" *Campbell* at ¶ 13. We agree that, at the sentencing hearing, the trial court stated that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct" but omitted specific mention of "the danger the offender poses to the public," although it did make such finding in its sentencing entry. A sentence is contrary to law where the trial court fails to make a required consecutive sentencing finding at the hearing. *Elliott* at ¶ 12. However, "[t]he trial court has no obligation . . . to engage in a 'word-for-word recitation' of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record." (Citation omitted.) *State v. Cozzone*, 2018-Ohio-2249, ¶ 27 (11th Dist.).

{¶27} This court, as well as other appellate districts, have found the proportionality requirement satisfied where the lower court did not specifically reference the danger the offender poses to the public but otherwise demonstrated that it considered proportionality

11

through examination of facts such as the defendant's past and current criminal conduct. *Campbell* at ¶ 14; *State v. Mack*, 2023-Ohio-4374, ¶ 82 (11th Dist.). *See also State v. Chaney*, 2016-Ohio-5437, ¶ 13-15 (2d Dist.) (the trial court's consideration of the defendant's extensive criminal record and failure to respond to past sanctions, combined with the correct finding in the judgment entry, indicated that the court "engaged in the proper analysis and made all the required findings under R.C. 2929.14(C)").

{¶28} In *Campbell*, this court faced similar circumstances, where the trial court stated only the first half of the proportionality finding. We found the necessary consecutive sentencing findings were made where the trial court considered Campbell's current and past conduct, observed he had a history of charges similar to the present crime, and found he was a "serial pedophile." *Id.* at ¶ 15. We noted that "[a] trial court's proportionality analysis 'does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate [to the danger the defendant poses to the public].'" (Citations omitted.) *Id.*, citing *State v. Johnson*, 2023-Ohio-2008, ¶ 35 (6th Dist.). *See also State v. Williams*, 2024-Ohio-5999, ¶ 16 (11th Dist.) ("[w]hile the trial court did not explicitly state at the sentencing hearing that consecutive sentences were not disproportionate . . . to the danger the appellant poses to the public, it is clear from the trial court's statements during the hearing, that the trial court extensively considered appellant's past and current conduct before concluding that consecutive sentences were warranted").

{¶29} Although imperfect, the trial court adequately made the required finding regarding proportionality. While not explicitly stating it conducted such analysis in relation to consecutive sentencing findings, the trial court considered Hiles' past and present criminal

12

conduct in determining that consecutive sentences were warranted. It observed that his present crimes were similar property crimes to the majority of his prior convictions. It noted his extensive criminal record, that he had served 17 prior prison terms, had a high risk to reoffend, and had been "terrorizing the community for 50 years with his crimes." These statements indicate that the trial court considered the danger Hiles poses to the public in ordering its sentence.

{¶30} To the extent that Hiles argues the consecutive sentencing findings were not supported by the record, we disagree. The lower court's conclusions that Hiles had an extensive criminal record and had served many prior prison terms were substantiated by the presentence investigation report. His criminal history supported the conclusions that he was a danger to the community and at risk to reoffend. For these reasons, we do not find reversible error in the order to serve consecutive sentences.

{¶31} Hiles next argues that he expected to receive a shorter sentence than given by the trial court. To the extent that this reasserts arguments from the first assignment of error relating to his plea, this has been addressed above. A sentence is not contrary to law simply because it is contrary to a defendant's expectations. As noted above, even if there was a recommended sentence, the trial court was not required to impose such a sentence. *Jones*, 2016-Ohio-932, at ¶ 17 (11th Dist.).

{¶32} Finally, Hiles argues that the lower court "did not make the proper statutory considerations," and failed to consider the applicable sentencing factors under R.C. 2911.11 and .12.

{¶33} "[A] sentence is contrary to law . . . if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing

13

Case No. 2024-T-0091

factors set forth in R.C. 2929.12." (Citations omitted.) *State v. Boone*, 2024-Ohio-6116, ¶ 33 (11th Dist.). R.C. 2911.11(A) provides that a sentencing court shall be guided by the purposes of sentencing. R.C. 2929.12(A) provides the sentencing court with discretion to "determine the most effective way to comply with the purposes and principles of sentencing." "In exercising this discretion, the court shall consider the factors . . . relating to the seriousness of the conduct, [and] . . . to the likelihood of the offender's recidivism," which are set forth in R.C. 2929.12. *Id.* "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. "R.C. 2953.08(G)(2)(b) . . . does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶34} The trial court stated at the sentencing hearing and in the sentencing entry that it considered the principles and purposes of sentencing and the seriousness and recidivism factors under R.C. 2911.11 and .12. "A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 by stating that it considered them." *State v. Miller*, 2025-Ohio-339, ¶ 21 (11th Dist.). Further, "we will not presume the trial court failed to weigh certain factors merely because the trial court did not explicitly discuss each discrete factor on the record" since "R.C. 2929.11 and R.C. 2929.12 do not require judicial factfinding." *State v. Davy*, 2024-Ohio-5550, ¶ 21 (11th Dist.). Finally, this court is not permitted to independently weigh the evidence to determine whether R.C. 2929.11 and .12 were satisfied. *Jones* at ¶ 42. There is no basis to reverse Hiles' sentence on this ground.

{¶35} The second assignment of error is without merit.

14

{¶36} For the foregoing reasons, Hiles' convictions and sentences for Breaking and Entering, Vandalism, and Possessing Criminal Tools in the Trumbull County Court of Common Pleas are affirmed.  Costs to be taxed against the appellant.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.